C. D. GRACE ET ALS. V. JOHN R. GARNETT.

1. Where the time and place of a public sale are prescribed by law, the sheriff has no authority to sell at any other time or place ; and should he do so, his acts are not merely irregular, but void and confer no title.
2. Parol evidence is admissible to prove irregularities in a sheriff's sale.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

This was an action of trespass to try title, brought in the District Court of Fannin county, by appellant's intestate, John R. Woolfork, February, 1868. Plaintiff

died before trial, and his surviving wife, minor heirs and administrator made themselves parties.

At the May term, 1872, defendant obtained judgment for the land in controversy, and plaintiffs appealed to the Supreme Court.

The facts are sufficiently stated in the opinion of the court.

*Joseph Bledsoe*, for appellant, cited the following authorities: Palmer v. Wilson, 18 Texas, 592; Paschal's Digest, Art. 5125; Foot v. Rivers, 11 Texas, 662; Hunt v. Turner, 9 Id., 387; Hanney v. Thompson, 14 Id., 144; Hollingsworth v. Holshousen, 17 Id., 46; Paschal's Digest, Art. 3770; Howard v. North, 5 Texas, 310; Johnston's Administrators v. Shaw, 33 Id., 590; Allen v. Stephens, 18 Id., 658.

*Throckmorton & Brown*, for appellee.—The assignment of errors present: *First.* The judgment under which the sale was made having been rendered after the stay law of the seventh day of December, 1861, was passed, it was null, and all proceedings thereunder void.

To this we answer, the stay laws were void. (30 Texas, 706.)

*Second.* The court erred in refusing to permit plaintiff to prove that the sale occurred after 4 o'clock P. M.

Appellant's suit was trespass to try title. Appellee plead not guilty. Appellant then attacked the title of defendant specifically by amended petition, and alleged certain defects he could not be allowed to prove; others of which no notice was taken. We think that this is analogous to the plea of not guilty on the part of defendant in action of trespass to try title; which would admit all of his defenses, but if he undertakes to plead specially he will be confined to the allegations made. (11 Texas, 662.)

If the evidence were admitted, would it vitiate the sale ? Article 3776, Paschal's Digest, prescribes the rule for sale of lands. This article requires that the sale should be advertised for twenty days, etc., as well as that it should be made within certain hours.

The advertisement would seem to be at least of equal importance, yet it has been held that the total failure to advertise would not affect the title of the purchaser. (5 Texas, 302 ; 17 Texas, 259.)

If it be true that the sale was made after 4 o'clock P. M., it was an irregular execution of the power that would not avoid the sale, and the exclusion of such testimony would not be error. (11 Ga., 423.)

We believe that an examination of the record will show that the charges given in connection with the facts are correct and proper, and we ask that the judgment be affirmed.

WALKER, J.—This suit was brought by the intestate of the appellant to recover the land described in the petition, being a part of the headright of Rachel Baker, deceased. The plaintiff notified the defendant that he claimed title from a common source, and both parties claim through James M. Bumpass. The plaintiff claimed under a deed from Bumpass, dated February 16, 1867. The defendant claims under a constable's deed dated August 7, 1867. To support his title under this deed, he offered a judgment dated December 13, 1861, against Bumpass and in favor of one Hansell ; also an execution and levy, under the judgment, on the thirteenth of July, 1867 ; but there is no return of a sale made under the execution.

The defendant, however, offered verbal evidence to prove that a sale was actually made, and the money applied to the Hansell judgment. In rebuttal the plaintiff

offered to prove that the sale was irregular and void, for the reason that it was made after 4 o'clock ; and this evidence was ruled out.

It is claimed that the judgment in favor of Hansell was void, because rendered in 1861, subsequent to the passage of the first stay law. These laws, however, were declared by this court to be unconstitutional, in the sequestration cases, 30 Texas, 706.

To our minds it is doubtful whether a sale under execution can be proved by parol, where the sheriff's or constable's return does not show that a sale was actually made. Where so important a matter in making title under a sheriff's sale is omitted, we cannot see how a subsequent purchaser could be affected by notice of such a title, where the record does not show that the most important matter in such a transfer of title has been legally effected.

If then a subsequent purchaser would not lose his title for want of notice, it would seem difficult to hold that a prior purchaser should not take a good title where a subsequent purchaser would. This question, however, is not raised on the briefs, nor was it made to the court; we will not therefore decide it until the profession may have an opportunity of discussing it.

But if the defendant were permitted to help out his title by parol proof, we see no good reason why the appellant might not, under the pleadings of this case, have been permitted to offer in rebuttal evidence going to show the irregularity and fraudulent character of the sale.

In Howard v. North, 5 Texas, 310, this court say : "Where the time and place of a public sale are prescribed by law, the sheriff has no authority to sell at any other time or place ; and should he do so, his acts are not merely irregular, but void, and confer no title."

The law prescribed that judicial sales should be made

on the first Tuesday of the month, between the hours of 10 A. M. and 4 P. M.

We think the court erred in ruling out the plaintiff's evidence. Such evidence may be very material in a case, and we think the law regulating judicial sales should be strictly pursued.

If ministerial officers are allowed to delay their sales beyond judicial hours, or sell at an hour earlier than that appointed by law, such a practice might give rise to favoritism and fraud. And if, in addition to the fact that a sale has been so made, it appears that the property has sold for a grossly inadequate consideration—such as twenty dollars for property worth ten or twelve hundred dollars—these circumstances would furnish strong evidence, if not fully explained, from which a jury would infer fraud. Under the view we have taken of this case it is unnecessary to notice further the bills of exception or the errors assigned.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.