# Palmer *v.* Sims, *et al.*

### *Bill for Partition.*

(Decided February 17, 1912.  57 South. 704.)

*Tenancy in Common; Adverse Possession; Evidence.*—Where one of the heirs claimed title by virtue of a parol gift from the intestate and ten years adverse possession, and it appeared that after the death of the intestate, and until a few years before the action was commenced, that the husband of the intestate had been in possession, but there was no proof of actual knowledge on the part of the other heirs that the husband was holding as agent of the contesting heir, instead of in his own right as surviving husband, the proof failed to show disseisin of the other co-tenants, and hence, did not establish such adverse possession.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by James A. Sims and others against Mary Palmer and others for partition of certain real estate alleged to be owned in common. From a decree granting partition, Mary Palmer appeals. Affirmed.

BARNES & DENSON, for appellant. Counsel discuss the evidence and insist that under it Mary Palmer had shown disseisin and should have been granted a decree confirming her adverse possession under parol gift from the intestate, but they cite no authority.

HINES & FULLER, for appellee. Under the facts in this case the Chancellor properly decreed that Mary Palmer had not carried the burden cast upon her of showing disseisin of the other co-tenants under the parol gift claimed by her, and therefore properly ordered partition. *Dothard v. Denson*, 72 Ala. 544; *Lucy v. T. & C. R. R. Co.*, 92 Ala. 250. Adverse possession could not run against the co-tenants so long as the life tenant was in possesison.—*Pickett v. Pope*, 74 Ala. 122; *Gindrat v.*

*A. & W. Ry. Co.*, 96 Ala. 162; *Pendley v. Madison*, 84 Ala. 484. The burden was on appellant to show notice of her adverse claim.—*Ashford v. Ashford*, 136 Ala. 632.

SAYRE, J.—The parties to this bill for partition are the brothers and sisters, nephews and neices, heirs at law of Susan Erwin, and claim under her. All parties, save the appellant, Mary Jo Erwin Palmer, are agreed that a decree for partition was proper. Mrs. Palmer claims the entire fee under a parol gift from her aunt Mrs. Erwin, and 10 years adverse possession continuously held subsequent to the gift. The evidence is meager, particularly so that offered by the contesting defendant in support of her alleged title. Her evidence takes the shape of a showing, admitted subject to legal exceptions, in which she and another witness state that Mrs. Erwin some time, a very short time it may be, before her death, which occurred some 15 or 16 years ago, gave the land to her, and that subsequently J. H. Erwin, husband of the former owner, remained in possession, both before and after his wife's death, holding adversely for Mrs. Palmer until his death, which occurred two or three years before the bill was filed. Prior to her death Mrs. Erwin lived on the place with her husband, and, since the death of the latter, it has been held and claimed by Mrs. Palmer. This alleged parol gift, unless followed by 10 years adverse possession, was ineffectual to pass title. The statement as to the nature of defendant's title and holding is made in these words: "The land in controversy was given to said Mary Jo Palmer by Mrs. Erwin in her lifetime, and J. H. Erwin, before the death of Mrs. Erwin, took charge of the land as the agent of Mary Jo, and not under his right under the statute as husband of Mrs. Erwin, after her death, and, since J. H. Erwin took possession as agent, said Mary

[Palmer v. Sims, et al.]

Jo has been in the open, continuous, notorious, adverse possession of said land, claiming to own the same, and has been in such adverse possession for more than 10 years before the filing of this suit. There is, on the other hand, evidence going to show that J. H. Erwin after his wife's death was claiming to hold in virtue of his statutory right as her surviving husband. It is plain that nothing done during the life of Mrs. Erwin sufficed to vest title in Mrs. Palmer. Nor does it appear that the possession held by J. H. Erwin, after Mrs. Erwin's death, amounted to a disseisin of her heirs other than the contesting defendant. Upon her death, owning the property, her heirs became tenants in common, and though defendant's evidence, stated as it is in the form of a mere conclusion of the witnesses, be given effect according to the utmost of its import, it falls short of that measure of proof necessary to show a disseisin of cotenants by a cotenant. In order to give effect as a disseisin to J. H. Erwin's holding under the particular circumstances here shown, it was further necessary to carry home to Mrs. Palmer's coheirs actual knowledge —not mere notice—that he was holding in repudiation of their rights and for Mrs. Palmer exclusively.—*Ashford v. Ashford,* 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; *Oliver v. Williams,* 163 Ala. 376, 50 South. 937. The bare statement that he was holding for defendant and adversely did not suffice. So then, though it be conceded that the mere conclusions of defendant's witnesses should have consideration as competent evidence, and the evidence going to show that J. H. Erwin was holding in virtue of his statutory right as surviving husband be eliminated, defendant's claim of exclusive right and title has failed in the proof.—*Hinton v. Farmer,* 148 Ala. 211, 42 South. 563, 121 Am. St. Rep. 63.

Let the decree be affirmed.

Affirmed. All the Justices concur.