200 So. 609

## MARTIN et al. v. COTHRAN.
### 7 Div. 609.

Supreme Court of Alabama.

Feb. 27, 1941.

Ball & Ball, of Montgomery, for appellants.

E. K. Hanby, Jr., and Dortch, Allen & Dortch, all of Gadsden, for appellee.

620

BOULDIN, Justice.

Appellee sued in statutory ejectment.

The parties claimed from a common source of title, namely, M. C. Abernathy, deceased. Plaintiff claimed as heir of decedent. Defendants claimed through the widow, Lou Abernathy, on the following state of facts:

The widow became administratrix, with the will annexed, of the estate of her deceased husband. The administration being removed to the equity court, the lands in suit were by appropriate proceedings, duly set apart to the widow as her homestead. The estate owned other realty. Hence, by this proceeding, the widow took only a life estate subject to enlargement into a fee upon ascertainment of the insolvency of the estate. Code 1923, § 7918.

The administratrix filed her report of insolvency. This plaintiff, as a party interested in the estate, filed a contest.

Pending the proceedings on the issue of solvency or insolvency the widow died. Her death occurred in another county on June 17, 1938.

Unadvised of her death, the cause was submitted for decree on the issue of insolvency vel non on July 18, 1938, and a decree declaring the estate insolvent was entered August 2, 1938.

Meantime, July 28, 1938, the will of Lou Abernathy was probated in another county. Defendants claimed as tenants in possession under the executors of her estate.

The trial court, sitting without a jury, gave judgment for plaintiff. This judgment is here for review.

■ When this homestead was allotted to the widow, by the terms of the statute § 7918, she acquired a possessory right, enjoyment of rents and profits, during her

life. The fee passed to the heir or devisee, subject to be divested and vested in the widow on ascertainment of the insolvency of the estate of the deceased husband. This means a judicial ascertainment. The vesting of the fee in the widow is a resultant of a decree of insolvency. Insolvency proceedings may be instituted, contested and issue determined among parties having no concern with the succession to the fee in the homestead. The decree of insolvency ascertaining the status of the res, the insufficiency of assets to pay debts in full, is, by this particular statute, made the event upon which the fee to the homestead shall be divested out of the heir and vested in the widow as an enlarged homestead right.

Such is the construction of our statute by a long uniform line of decisions. O'Rear v. Jackson, 124 Ala. 298, 26 So. 944; O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205; Buchannon et al. v. Buchannon, 220 Ala. 72, 124 So. 113; Chavers et al. v. Mayo, 202 Ala. 128, 79 So. 594; Baker v. Keith, 72 Ala. 121.

Obviously title to property can not, by judicial decree or otherwise, be vested in a person who has departed this life.

Appellants' view rests upon two propositions: First, that insolvency proceedings being in rem, the death of the administratrix, the actor in the proceeding, would not oust the jurisdiction of the court; that, therefore, the decree of insolvency was not void; that, if voidable, its validity can not be collaterally assailed as in this case. Second, the decree of insolvency relates back to the filing of the report of insolvency, and, therefore, judicially ascertained the fact of insolvency of the estate during the lifetime of the widow. Thus, the decree of insolvency, rendered after her death, it is argued, related back to the report of insolvency, and the present status of title is to be determined as if the decree of insolvency had been entered in her lifetime.

Whether the first proposition is applicable under the facts of this case, wherein a contest had been instituted and the death of an acting party in such contest intervened, we leave undetermined.

■ For the Alabama rule, generally conceded to be a minority rule, holding a judgment for or against a person not then in life, to be void, with citation of cases, we refer to 33 C.J. p. 1107.

Assuming, without deciding, that the decree of insolvency was effective for the

primary purposes of such proceeding, often designated as a proceeding in the nature of a proceeding in rem, as distinguished from one purely in rem (see 34 C.J. pp. 1175, 1176, § 1668), we turn attention to the second proposition, namely: Did the decree of insolvency relate back to the filing of the report of insolvency, the widow having died pending the proceeding, and while a contest of the issue of insolvency vel non was undetermined?

Appellants rely upon Baker v. Keith, supra, as authority.

That case involved the claim of a minor child of decedent to the enlarged homestead under this same statute.

After quoting the statute, the opinion proceeds:

"It will be observed, that this right to retain has for its subject the homestead exempted for the benefit of the widow and minor child or children. We can not think the legislature intended by this to enlarge the minor's mere right to occupy, beyond the period of minority. The purpose, we think, was, that this right to occupy, which, in the event the estate is solvent, determines when the occupant becomes twenty-one, shall be enlarged to an absolute title, in the event the estate proves insolvent. The purpose was to enlarge an existing estate or interest, not to create a new one, after the first had terminated. * * *

"We think we do full justice to the claimant of homestead, when we hold, as we do, that an estate can not be regarded as insolvent, until it is so pronounced by judicial determination; and when so pronounced, it may relate back to the time of filing the report of insolvency, but certainly can extend back no farther. So, we hold, that the enlargement of the temporary right to occupy, into a fee, can not take place, unless the report of insolvency is made before the termination of the right to so occupy." ·

The expression "it may relate back" to time of report, but "certainly can extend back no farther," can hardly be regarded as a positive holding that it does relate back in every case, even where the party to take the enlarged estate is still in life. The writer had just been thinking of the fact that solvency vel non may turn on events pending the administration; and we may add, pending the insolvency proceedings. Our statute authorizes a report of insolvency at any time after appointment of the administrator. Code, § 5995; Hullett v. Hood, Adm'r, 109 Ala. 345, 19 So. 419.

Upon the filing of the report with schedules required by § 5996, verified by the administrator to the "best of his knowledge * * * and belief," § 5997, if there be no contest, and the report discloses insolvency, a decree follows as of course. Code, § 6002.

The primary objective of such decree is, in the main, procedural; controls the further course of administration for the protection of all interests concerned. The estate may ultimately turn out solvent, due to sundry eventualities, resulting in payment of all debts duly presented and filed against the insolvent estate, with residue to the beneficiaries of the estate. Again, in case of a contest of the report, does the decree determine the solvency or insolvency as of the date of the report or as of the date of the decree? Is the contestant denied the right to set up a change of status subsequent to the report?

In the light of these inquiries, we are impressed the quoted language from Baker v. Keith may well be interpreted as limiting the decision to the case in hand, and leaving open other questions for decision when the occasion should arise.

Be this as it may, that case was dealing with a person in being when the decree was rendered capable of taking the enlarged estate by relating the decree of insolvency back to the date of the report. ·

That case did not overlook the application of the statute to the homestead right of the widow. Said the court: "Her right to occupy the homestead continues, in all cases, during her life. How can that mere right to occupy be prolonged, so as to cover an additional period, while the question of the solvency of the estate may remain in doubt? Suppose she dies before that fact is ascertained?"

The opinion definitely held "ascertained" means "judicially determined." So long as a contest of the issue of solvency or insolvency is undetermined, or the proceeding is open to contest, the status of the estate is in doubt.

We plant our decision on the legislative intent as recognized by authorities above cited and many others, namely, that the homestead right of the widow is to afford her shelter and security for the rest of her life. The enlarged estate is to afford her

622

the greater security, by vesting in her not a right of possession and user only, but an estate in fee, subject to her disposition. The statute was never designed, by technical construction or otherwise, to substitute her heirs, often not of the blood of the decedent, for his heirs or devisees, as successors to an estate which never inured to the benefit of the widow during her life.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.