22 So.2d 24

**SWAFFORD et al. v. BRASHER et al.**
**6 Div. 329.**

Supreme Court of Alabama.
April 26, 1945.

Kilpatrick & Entrekin, of Cullman, for appellants.

638

St. John & St. John, of Cullman, for appellees.

THOMAS, Justice.

This suit originated in equity by bill of complaint to quiet title (in statutory form) to the lands in question. The bill was amended to correct an error in the description of the lands.

The respondents filed an answer and cross-bill, bringing in no new parties, but seeking to remove a cloud on the title (which is reversionary) of respondents and cross-complainants, by the cancellation of a deed relied on by complainants, and to have declared by decree of the court the title to said lands to be in common with complainants, in reversion, and conceding a life estate therein to complainants.

The cross-bill proceeds on a claim of superior title in complainants as to the reversion; that is, superior in the sense that the claim to a common interest therein is superior to complainant's claim to the exclusive ownership. It also charges fraud and undue influence in obtaining the deed upon which the complainants rely.

A demurrer was interposed to the cross-bill, and overruled. This appeal is to review this action on the part of the trial court.

It is declared in this jurisdiction that the owner of a reversionary interest may sue to remove a cloud on the title pending the life estate. Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St.Rep. 73; Wragg v. City of Montgomery, 245 Ala. 362, 17 So.2d 173; Teal v. Mixon, 233 Ala. 23, 169 So. 477.

The possession of one tenant in common is prima facie presumed to be the possession of all, and it does not become adverse to the cotenants unless they are actually ousted, or, short of this, unless the adverse character of the possession of one is actually known to the others, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the other tenants on notice of its adverse char-

acter. Bailey v. Bond, 237 Ala. 59, 185 So. 411; Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 13, 96 Am.St.Rep. 82; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Elsheimer v. Parker Bank & Trust Co., 237 Ala. 24, 185 So. 385; Palmer v. Sims, 176 Ala. 59, 57 So. 704.

 The statute authorizing the recordation of deeds and other instruments and imputing constructive notice thereby was intended and designed to protect persons dealing with respect to the property in the exchange of title, and cannot be made the vehicle of depriving one tenant in common of his rights, by the machinations of another tenant in common, in an effort to cut off the rights of such other tenants in common without actual notice. Gilb v. O'Neill, supra; Palmer v. Sims, supra; Lynch v. Jackson, 235 Ala. 90, 177 So. 347.

With reference to what constitutes an ouster, such as will start the statute running in favor of one cotenant against the other, the rule is stated by Justice Knight in Elsheimer v. Parker Bank & Trust Co., 237 Ala. 24, 185 So. 385, 386:

 "Here we have no sale between tenants inter sese, but a case where one tenant in common (treating the respondent as a tenant in common with the said John B. Deerr) has sold the property to a stranger by an instrument purporting to vest the fee to the entire property in the grantee, and where this grantee entered, asserting open and exclusive ownership thereof, in severalty. *Thi swas an ouster of respondent as a cotenant, and converted the possession of Kelley, the purchaser, into an adverse possession,* which if continued the length of time prescribed by the statute would bar entry, by the respondent-cotenant." [Italics supplied].

In the instant case, there was no stranger involved. All the transactions were between the same parties. There was no legal outstanding title to be acquired by any of the cotenants other than the life estate of Sallie Milligan, life tenant. There could be no ouster by virtue of the deed from Sallie Milligan in 1918 to complainants' intestate, Annie Swafford, one of the cotenants, and by placing same on record, under the authority of Gilb v. O'Neill, supra, from which we quote the following:

" * * * The statute authorizing the recordation of deeds and other instruments and imputing constructive notice thereby was intended and designed to protect persons dealing with respect to the property in the exchange of title, and cannot be made the vehicle of depriving one tenant in common of his rights, by the machinations of another tenant in common, in an effort to cut off the rights of such other tenants in common without actual notice. Under the averments of the bill, nothing short of actual knowledge would suffice to put complainants in position where the statute of limitations or laches would begin to run against them."

 The facts in this case are that the brothers and sisters, all being children of Sallie Milligan, *had a deed conveying each of them an equal share in remainder in the lands of their mother,* Sallie Milligan. That she remained in possession, collected the rents as life tenant, and had the same cultivated. One of the daughters (the complainants' intestate), moved in with her, and in secrecy, without the knowledge on the part of the others, took a deed to herself exclusively in remainder, and placed the same on record. Such act was not an ouster of the other tenants in remainder, under our statutes and decisions. It cannot be said that knowledge is to be imputed, and the statute's provisions of constructive notice by recordation be so construed, as to serve the motives of a cotenant and sister of respondents in actions and performance, to constitute notice of an ouster of other cotenants. The trial court so ruled in overruling demurrer to the cross bill.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.