25 So.2d 259

MATTHEWS et al. v. MATTHEWS.
8 Div. 324.

Supreme Court of Alabama.
March 7, 1946.

Proctor & Snodgrass and Jas. M. Proctor, all of Scottsboro, for appellants.

Milo Moody and H. T. Foster, both of Scottsboro, for appellee.

BROWN, Justice.

The record in this case shows that the administration of the estate of Bedford Matthews, deceased, was, on the petition of his wife filed on the 3rd day of June, 1940, removed from the probate court to the circuit court, in equity, on the 4th day of June, 1940. The bill filed by the widow of said Bedford Matthews, deceased, seeking a sale of lands located in Jackson County, Alabama, for division among joint-owners, and for the allotment of homestead exemptions and dower rights was filed on the same day the petition for removal was filed.

The bill alleges that said Bedford Matthews died intestate leaving no lineal descendants, but he left surviving his widow, the claimant, and W. L. Matthews and Lilah Matthews, his heirs at law. The Federal Land Bank of New Orleans, a mortgagee, was also made a party defendant. All of the defendants filed demurrers to the bill. And on September 3, 1941, the demurrer of the respondents W. L. Matthews and Lilah Matthews was overruled, and the defendants answered on September 25, 1941.

In the answer of the defendants Matthews it was alleged that, "The respondent, Wayland L. Matthews, a brother, and the respondent, Lilah Matthews, his mother, and also Mrs. Ruby Johnson, of Scottsboro, Alabama, a surviving sister of said intestate, who has not been made a party to this bill of complaint" were the heirs at law and next of kin. The answer was made a cross-bill and Mrs. Ruby Johnson of Scottsboro, Alabama, was made a party respondent thereto, but chancery summons was not issued requiring her to answer the cross-bill. In the answer of the complainant to the cross-bill it was denied that Mrs. Ruby Johnson was next of kin of said decedent. Ruby Johnson testified as a witness to the effect that she was a sister of the deceased, a daughter of Lilah Matthews, the mother of deceased, and a sister of W. L. Matthews. This testimony is not contradicted.

The title to the real estate of said decedent passed under the statute of descent and distribution to the surviving parent, the mother, and the brothers and sisters of the deceased subject to the payment of debts

474

and the widow's dower. Code 1940, Tit. 16, § 1, subsection 3.

In a final decree entered on the 21st day of December, 1943, the court without setting aside a former decree overruling the demurrer of the respondents Matthews proceeded as follows: "Upon consideration of the pleadings, the court is of the opinion that demurrers heretofore filed to the bill of complaint should have been sustained to the different aspects to the bill, except that aspect in which complainant prayed for the assignment of homestead exemption and dower in and to the property left by her deceased husband; and the cause is accordingly considered in respect to homestead rights and dower only."

At a later day, February 12, 1944, the court in passing on the motion for rehearing filed by the respondents vacated the former final decree and decreed as follows: "And upon a reconsideration of this cause, upon the pleadings and proof as noted by the Register, the court is of the opinion that demurrers heretofore filed to the bill of complaint should have been sustained to the different aspects of the bill, except that aspect in which complainant prayed for the assignment of homestead exemptions and dower in and to the property owned by her deceased husband, and it is ordered, adjudged and decreed that said demurrers to the different aspects of said bill be, and the same are hereby, sustained, and the cause is considered in respect to homestead right and dower only." The demurrer was addressed to the bill as a whole and to each of its aspects, not to a specific paragraph or section, and the complainant should have been given an opportunity to amend by eliminating the objectionable feature, and failing to do so the bill was subject to be dismissed. A decree dismissing the bill in the absence of such an amendment was the only decree authorized. Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192; McIntosh v. Alexander, 16 Ala. 87.

The decree then proceeded to determine the issue of fact in favor of the complainant, and decreed: "That the complainant is entitled to have her homestead exemptions set aside to her out of the lands of decedent, as above set out; and it is further ordered, adjudged and decreed by the court that the Register of this court will hold a reference for the purpose of ascertaining the mortgage indebtedness on the lands in which the decedent, Bedford Matthews, owned an interest at the time of his death, and the value of said decedent's equity in said lands above said mortgage indebtedness, if any."

The register held the reference and filed his report on the 1st day of November, 1944. Exceptions were filed to the report by both parties.

On May 30, 1945, the court entered a final decree overruling the exceptions, and awarding complainant a homestead exemption in tract No. 1, referred to in the decree as the Proctor place, consisting of 160 acres, and denied the complainant relief as to the other tract known as the McClendon place. The decree ordered the Proctor place sold by the register to the highest bidder for cash, the register to file his report as to his proceedings under the decree for further consideration. The decree reserving all other and further matters in the decree for future consideration.

The defendants W. L. Matthews and Lilah Matthews appealed from said last decree. Appellants assigned three errors:

"1. The court erred in overruling the respondents' demurrer to the original bill.

"2. The Court erred in its finding that M. B. (Cotton) Matthews was a resident of Alabama within the meaning of Section 661 of Title 7 of the Code of Alabama at the time of his death.

"3. The Court erred in its finding that the complainant-appellee, as the widow of M. B. Matthews, was entitled to exemptions allowed the widows of resident decedents under the provisions of Section 661 of Title 7 of the Code of Alabama."

Ruby Johnson was not a party to the original bill, but summons was issued to her by the register requiring her to appear and answer said bill. She not being made a party, the register was not authorized to issue said summons to her. Equity Rule 11, Code 1940, Vol. 7, p. 1050; Code 1940, Tit. 13, § 213. Where the absence of a necessary party is not shown on the face of the bill, the want of such party cannot be raised by demurrer, but must be set up in the answer or by plea. McMaken v. McMaken, 18 Ala. 576; Sheffield & B. Coal, Iron & R. Co. v. Newman, 5 Cir., 77 F. 787, 23 C.C.A. 459; Neely v. Newman, 168 U.S. 708, 18 S.Ct. 944, 42 L. Ed. 1211. The absence of an indispensable party will be noticed on final hearing and on appeal. Prout v. Hoge, 57 Ala. 28; Baisden v. City of Greenville, 215 Ala. 512,

111 So. 2. It is also familiar law that a court of equity will not proceed to a final decree when the bill seeks the sale of real property unless the owners of the legal and equitable title to the property are brought within the court's jurisdiction so as to preclude subsequent litigation in respect to the title. Hammond v. Bibb, 234 Ala. 192, 174 So. 634; Amann v. Burke, 237 Ala. 380, 186 So. 769; Jacobs v. Murphy, 245 Ala. 260, 16 So.2d 859.

Because the appellee has been long delayed in having her rights in the property adjudicated and determined, we regret that we cannot proceed to dispose of this case on the merits, but to do so would subject the title to future litigation by the omitted necessary and indispensable party.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.