32 So.2d 39

**CURRY et al. v. HOLMES.**

**2 Div. 221.**

Supreme Court of Alabama.

July 31, 1947.

Rehearing Denied Oct. 16, 1947.

Clifton C. Johnston, of Marion, for appellants.

Arthur W. Stewart, of Marion and John W. Lapsley, of Selma, for appellees.

PER CURIAM.

■ We are of the opinion the case of Maya v. Smith, 239 Ala. 470, 196 So. 125, construing the provisions of what are now §§ 750 and 808, Title 7, Code 1940, supports the motion of appellants for a revival against the personal representative or the heirs at law of John Holmes, deceased; and that the instant case is to be differentiated from that of Williams v. Knight, 232 Ala. 206, 167 So. 284, upon which counsel for appellee relies, which authority is re-ferred to and distinguished in the Maya case.

We are, therefore, of the opinion that the motion of appellants should be granted, and that the motion of the appellee to dismiss the appeal should be denied.

It is so ordered:

Motion of appellants granted; motion of appellees denied.

All the justices concur.

### On Merits

FOSTER, Justice.

■ This is an appeal from a decree in equity on a contest of a codicil as a part of the will of Elam Parish, deceased. The will and codicil had been probated in the probate court. The contest was filed in equity under Title 61, section 64, Code, by John Holmes, a beneficiary in the will as originally executed, but whose legacy was annulled by the codicil. The contest was tried before a jury as directed by the court

548

under Title 61, section 67, Code, and as demanded by complainant. This was done on March 27, 1945, completed March 28, 1945, when the jury rendered a verdict in favor of the contestant and against the validity of the codicil propounded for probate, and the judge made an entry to that effect upon the docket. On April 5, 1945, respondents filed a motion to set aside the verdict of the jury and grant a new trial, which was set down for hearing on April 25, 1945. On April 8, 1945, complainant died. On April 25, 1945, the court overruled the motion and entered a final decree on the verdict of the jury, vacating and setting aside the codicil as a part of the will. Respondents petitioned this Court for a mandamus directed to the trial judge to vacate said final decree, and the verdict of the jury and dismiss the bill on account of the death of complainant which occurred before the rendition of the final decree on April 25th. We held (Ex parte Curry et al., 248 Ala. 384, 27 So.2d 630) that complainant was entitled to a decree as of the date of the entry on the docket which was before complainant died. Therefore that the final decree though dated April 25th, after complainant died, was not void. While we did not expressly so declare, the completion of the decree on April 25th, being within the thirty day period after it was pronounced and docket entry made, is attributable to the inherent power of the court, as formerly existed during term time. First National Bank v. Garrison, 235 Ala. 687, 180 So. 690; Chilton v. Gurganus, 218 Ala. 145, 117 So. 655. See, Lanier v. Russell, 74 Ala. 364; 49 Corpus Juris Secundum, Judgments, § 118, page 250; Id., § 29, note 17, page 72. The entry of record of the mind or determination of the court was audibly thus expressed, and was the decree of the court rendered on March 28, 1945. Lewis v. Martin, 210 Ala. 401(6), 98 So. 635.

The decree of the court overruling the motion for a new trial first made and entered after the complainant died was void and will not support an appeal, Griffin v. Proctor, 244 Ala. 537(8), 14 So.2d 116; McDonald v. Womack, 214 Ala. 309, 107 So. 812; Martin v. Cothran, 240 Ala. 619, 200 So. 609, nor an assignment of error.

The decree on that motion did not modify the final decree, and therefore an appeal would not be supported by Equity Rule 62, Code 1940, Tit. 7 Appendix, if it were valid. Scott v. Scott, 247 Ala. 266, 24 So. 2d 25. But a will contest in equity has been treated differently.

When a will is contested there may be a jury trial in the probate court on application of either party (Title 61, section 52, Code); or upon demand of any party to the contest, the probate judge must transfer the contest to the circuit court (at law, Ex parte Pearson, 241 Ala. 467, 3 So.2d 5), and there tried as in other civil cases (Title 61, section 63, Code): or if not contested in the probate court, it may be contested in equity by an original bill (Title 61, section 64, Code), where a jury trial may be had on the direction of the court (Title 61, section 67). And under this section when a jury is demanded the duty upon the court to submit the issues to a jury is mandatory. Ex parte Colvert, 188 Ala. 650, 65 So. 964. And whether the issue is directed by the court on its own initiative for jury trial or on demand of one of the parties, the equity court acts on a motion for a new trial as in jury trials at law, and on appeal is not controlled by Rule 62, supra, but the ordinary principles pertaining to jury trials at law seem to obtain. Cook v. Morton, 241 Ala. 188, 1 So.2d 890; Lambert v. Foley, 237 Ala. 131, 186 So. 138; Karter v. East, 220 Ala. 511, 125 So. 655; Ex parte Colvert, supra. But if the ruling on the motion is void as here for the reason that complainant was dead when it was first made, and there had been no revivor (Title 7, section 576, Code) there is nothing to review in that connection. The question of whether the verdict was contrary to the great weight of the evidence is not therefore before us. There was evidence amply sufficient to carry the question to the jury.

Our concern therefore relates to assignments argued in brief which are based on rulings not dependent upon the motion for a new trial.

First Assignment of Error.

The demurrer to the bill, which was under Title 61, section 64, after probate

in the probate court, attacks the holding in Baker v. Bain, 237 Ala. 618, 188 So. 681, that a legatee in a will may either under section 52 before probate, or under section 64 after probate, contest either a later will or a later codicil which injuriously effects his status under the prior instrument. That question was carefully considered in that case, and it is here directly in point. Upon that authority, the contention now made must be overruled.

## Second Assignment.

 This relates to charge No. 1, given for contestant. It emphasizes the effect of a finding hypothesized in it that the will makes an unnatural disposition of the property of testator. The contention of appellants is that to cut off complainant, to whom a former will devised a lot and the house which he had occupied for twenty years with testator's permission, having himself built the house, was not unnatural, although testator had taken complainant from an orphan's home when a small boy and raised him as his own, under an agreement that he would do so, having no other children. But whether that was an unnatural disposition of property was by that charge left to the jury. The jury could find that it would be unnatural under all the circumstances thus to change his will and cut him off of the property which he had been led to believe throughout the years would be his. Such a charge which was (D) in Lewis v. Martin, (43) supra, was there held to have been given without error, and charge No. 17 in Gaither v. Phillips, 199 Ala. 689, 75 So. 295, was distinguished. There was no error in giving this charge.

## Third Assignment.

This is based on giving charge No. 2 for contestant. The objection urged is that it does not define testamentary capacity. While such a charge may be refused because it does not define testamentary capacity, the giving of it was held to be without error in Lewis v. Martin, (30 and 45), supra, relating to charges marked P. and R.

## Fourth, Sixth and Tenth Assignments.

This is based on giving charges Nos. 3, 5 and B. The objection urged is that the bill setting up grounds of contest as amended does not mention insane delusions. But it does allege that the mind of testator was unsound. Insane delusions are indicative of unsoundness of mind, and it is not necessary to declare on both to make evidence of either material. Batson v. Batson, 217 Ala. 450, 117 So. 10.

The other assignments of error argued in brief are based on that feature of the motion for a new trial which goes to the weight of the evidence. We have herein previously disposed of that contention.

We do not think there is reversible error shown in any of the assignments argued and insisted on by appellants.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.