45 So.2d 281

**HAMES v. IRWIN et al.**

**8 Div. 382.**

Supreme Court of Alabama.

Oct. 6, 1949.

Rehearing Denied March 23, 1950.

Thos. C. Pettus, Moulton, for appellant.

Peach, Caddell & Shanks, Decatur, for appellees.

LAWSON, Justice.

This appeal is from a final decree ordering a sale for division among tenants in common of a tract of land consisting of approximately eighty acres.

For the purposes of this appeal, we can treat the appellees, complainants below, as being the children of D. W. Irwin, deceased, and the respondents below as being one Willie Shelton and the children of L. R. Hames, deceased.

The real controversy is between complainants and the respondent Charles E. Hames, one of the children of L. R. Hames, deceased.

Complainants contend that they own an undivided 5/7 interest in the property and that the respondents Nina Lois Hames and George I. Hames each own an undivided 1/7 interest therein. Charles E. Hames claims title to all the property.

Submission to the trial court was in the main on documentary evidence and written agreements of the parties. There was one witness examined orally before the court, but her testimony has no bearing upon the real issues in the case.

The trial court decreed that the complainants are the owners of an undivided 5/7 interest in the suit property and that respondent Charles E. Hames is the owner of an undivided 2/7 interest therein. From that decree Charles E. Hames has appealed to this court. None of the other respondents have appealed.

L. R. Hames, the father of appellant, owned the suit property at the time of his death, having acquired it by purchase from one L. E. Wood in 1905. L. R. Hames died prior to May 18, 1921. He was survived by his widow, Ida A. Hames, and seven children, Lena C. Hames, J. R. Hames, Denia Hames Nelson, Jennie Hames Collins, Nina Lois Hames, George I. Hames, and the appellant, Charles E. Hames.

It is the contention of complainants, appellees, that their father, D. W. Irwin, acquired the interest of all the children of L. R. Hames except that of Nina Lois Hames

and George I. Hames. D. W. Irwin died in 1929. The complainants, of course, claim under their father.

Complainants claim an undivided $\frac{2}{7}$ interest in the suit property, that is, the interest of Lena C. Hames and J. R. Hames, as a result of mortgage foreclosure proceedings. The record shows that on May 18, 1921, the widow of L. R. Hames, deceased, Ida A. Hames, and two of the children, Lena C. and J. R., executed a mortgage on the 160-acre tract of land, of which the suit property is a part, to D. W. Irwin to secure an indebtedness of approximately $1800. I. L. Hames, the wife of J. R. Hames, joined in the conveyance, but her separate acknowledgement was not taken. This mortgage was foreclosed on, to wit, January 21, 1922, and D. W. Irwin, the mortgagee, was the purchaser at the foreclosure sale, as was authorized by the terms of the mortgage. The foreclosure deed purported to convey to Irwin "the undivided interest of Ida A. Hames, J. R. Hames and L. [Lena] C. Hames."

█ Complainants claim to own the undivided $\frac{3}{7}$ interest of Jennie Hames Collins, Denia Hames Nelson, and Charles E. Hames, the appellant, by virtue of a sheriff's deed of July 21, 1927, following an execution sale of July 19, 1927. D. W. Irwin, the father of complainants, was the grantee named in the sheriff's deed. It affirmatively appears in the said sheriff's deed that the execution sale was held in front of the Post Office door in the town of Courtland, in Lawrence County, and not at the court house in Moulton, which town is and was the county seat of Lawrence County. We know judicially that there was no court house in the town of Courtland or in any town in Lawrence County other than Moulton.

The suit property was sold at tax sale on August 10, 1931. Respondent Willie Shelton was the purchaser at said sale. The probate judge of Lawrence County executed a tax deed to Shelton on September 1, 1933.

On March 5, 1934, George I. Hames and Nina Lois Hames, by quitclaim deeds, conveyed their interest in the suit property to the appellant, Charles E. Hames.

Thereafter on, to wit, January 30, 1935, Willie Shelton, the tax sale purchaser, conveyed his interest in the suit property to appellant. However, the consideration expressed in the deed from Shelton to appellant was not paid. Appellant executed a mortgage on the property to Shelton to secure the purchase price. Appellant has paid some interest but none of the principal. It was agreed that out of the proceeds of the sale of the property, if such sale should be ordered, Shelton should be paid the sum of $440 before distribution and that out of the share to which the appellant, Charles E. Hames, might be entitled, Shelton should be paid the sum of $100. This appeal does not any wise question the decree of the court in so far as it effectuates the terms of this agreement.

Appellant contends that by virtue of the tax sale proceedings the complainants lost whatever interest they may have had in the said property and that by virtue of the conveyance to him by Shelton he owns all of the property.

█ We cannot agree with this contention. The tax deed was void in that the sale was based on an assessment made by the tax assessor to D. W. Irwin for the tax year beginning October 1, 1929, and ending September 30, 1930. At the time of such assessment D. W. Irwin was dead, his death having occurred on January 23, 1929. Land cannot be assessed for taxation as the property of a deceased owner or of his estate and a sale founded on such assessment is a nullity. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458, and cases cited. The tax deed being void, all that Shelton acquired was a right to be reimbursed by one who had a right to redeem in such amount as the law allows (§ 283, Title 51, Code 1940), unless possession such as is required under § 295, Title 51, Code 1940, is shown. Odom v. Averett, 248 Ala. 289, 27 So.2d 479. § 295, Title 51, supra, is commonly referred to as the short statute of limitations.

Shelton was never in possession of the property. The only evidence in this case as to the possession of the suit property is found in an agreement of the parties, which is as follows:

"The undersigned solicitors of record representing all the parties complainant in the above entitled cause and representing all the parties respondent except those against whom decrees pro confesso have heretofore been rendered and those parties respondent, namely, to wit:—Nina Lois Hames, G. P. Collins and Jennie Collins, who have heretofore agreed in writing for a submission of this cause for final decree, hereby agreed, consent and assent by, between and among themselves as follows:—

"1. That the Hames, that is, C. E. Hames, (Charles E. Hames), J. R. Hames, and their mother and father before them (and the rest of the Hame [sic] heirs), and those through whom they claim have been in the actual possession of the real estate involved in this cause, and that the complainants nor the complainants' ancestors have at any time been in possession of any of this land involved in this suit. Nor does [sic] the Hames derive their title nor claim to said land through or by the complainants nor the complainants' forefathers. That the Hames have been in possession of this lands [sic] involved in this suit for a period of over 40 years. And that the Hames have been in possession of the whole of the lands involved in this cause for a period of to wit:—40 years, that is, the Hames and those through whom they claim title to this land. There is no question of adverse possession involved, and the Hames are not claiming title to the suit property by adverse possession.

"Phillip Shanks, Jr.
"Solicitor for Complainants
"J. W. Sherrill, Jr.
"Thomas C. Pettus
"Solicitor for J. R. Hames and Charles E. Hames
"Thomas C. Pettus agrees with all of the above except the last sentence thereof.
"R. L. Almon
"Solicitor for Willie Shelton
"R. E. Proctor
"As Administrator ad litem of the estate of D. W. Irwin, deceased."

Appellant insists here that irrespective of the fact that the tax deed is void, which fact he does not concede, the above agreement shows that he acquired title to the property under the provisions of § 295, Title 51, the short statute of limitations.

The appellant is represented here by Hon. Thomas C. Pettus, who, according to the terms of the instrument set out above, did not agree to the last sentence of said agreement, which is to the effect that title to the suit property is not claimed by adverse possession.

Mr. Pettus represented the appellant, Charles E. Hames, when this proceeding was first instituted back in 1941. He filed demurrer on behalf of Charles E. Hames and Clara Hames, evidently the wife of Charles E. Hames, on January 6, 1942. The demurrer was overruled but error is not assigned as to such action of the trial court. For a long period of time thereafter it appears from the record that Charles E. Hames and J. R. Hames were both represented by Hon. J. W. Sherrill, Jr. The record does not disclose that Mr. Pettus represented the appellant in any capacity thereafter until the time when this agreement was entered into, which, although not dated, seems to have been executed sometime in 1946, when he appears with Mr. Sherrill as counsel for J. R. Hames and Charles E. Hames. No doubt Mr. Sherrill's representation of appellant was due to the fact that Mr. Pettus was away in the armed forces.

■ .We are compelled to say that the agreement here under consideration, as drawn and signed by counsel for the respective parties, falls far short of showing that Charles E. Hames was claiming to hold the property, subsequent to the time he secured his deed from Shelton, adversely to the complainants or to his brothers and sisters. In the absence of any oral testimony to this effect, if such was the contention of the appellant, Charles E. Hames, it should have been clearly expressed in the agreement. Moreover, at the time Shelton conveyed his interest in the property to appellant, the latter owned an undivided 2/7 interest therein by virtue of the quitclaim deeds executed by his brother and sister on March 5, 1934. As before indicated, these parties had not lost their interests in the property as a result of the void tax sale. Nor had the complainants been divested of their interests in the property as a result of the tax sale. Consequently, the appellant became a tenant in common with the complainants. It is a familiar rule that the possession of one tenant in common is prima

facie presumed to be the possession of all and it does not become adverse to the co-tenants unless they are actually ousted, or, short of this, unless the adverse character of the possession of one is actually known to the others, or the possession of one is so open and notorious in its hostility and ex-clusiveness as to put the other tenants on notice of its adverse character. Swafford et al. v. Brasher et al., 246 Ala. 636, 22 So. 2d 24, and cases cited.

The agreement above quoted mere-ly shows that some members of the Hames family have been in possession of the prop-erty for the period of time therein ex-pressed. But it does not appear therein that the appellant, Charles E. Hames, was in possession of the suit property subsequent to the time he acquired his deed from Shel-ton, the tax sale purchaser. As before pointed out, Shelton was never in posses-sion. Likewise the character of the pos-session of the members of the Hames fam-ily is certainly not shown to have been ad-verse to the complainants or anyone else. We are clear to the conclusion that this agreement falls far short of showing that the appellant ever held the suit property ad-versely to the complainants, his tenants in common.

Appellant next insists that the trial court erred in decreeing that the complainants' father acquired an undivided 2/7 interest in the suit property under the mortgage fore-closure deed of January 21, 1922. It is in-sisted that he only acquired the interest of Lena C. Hames, inasmuch as J. R. Hames was a married man and the separate ac-knowledgement of his wife was not taken.

We are not in accord with this in-sistence. There is absolutely no evidence in this record tending to show that the property covered by the mortgage was the homestead of J. R. Hames. In Hudson v. Kelly, 70 Ala. 393(3), it was said: "It is no objection to the validity of a con-veyance of land, executed by a husband and wife, that it was not properly authenti-cated as an alienation of the homestead when it does not appear that the land was at the time occupied by them as a home-stead."

Appellant's next contention is that the trial court erred in holding that the com-plainants, appellees, acquired his interest in the property, together with that of Jennie Hames Collins and Denia Hames Nelson, by virtue of the sheriff's deed un-der date of July 21, 1927. It is appellant's insistence that the said deed was void in that the execution sale was not held at the court house of Lawrence County. As before pointed out, the said execution sale was held in front of the post office in Courtland.

Section 535, Title 7, Code 1940, is in the exact language of § 7824, Code of 1923, which was in effect at the time of the execution sale. Said section provides in pertinent part as follows: "Lands, when levied on under execution from any court of record, must be sold on any Monday in the month at the courthouse of the coun-ty; * * *."

In Anniston Pipe Works v. Williams, 106 Ala. 324, 331, 18 So. 111, 112, it was said: "Section 2907 of the Code [§ 535, Title 7, Code of 1940; § 7824, Code of 1923] pro-vides, as to the sale of real estate under execution, that 'lands, when levied upon under execution from any court of record, must be sold on any Monday in the month, at the courthouse of the county.' It is not denied, that if there were but one court-house in Calhoun county, the sale of the land in question, to be legal, must have been made at that place. There is high authority for holding, that where the statute pre-scribes the place where real estate is to be sold under execution, it is imperative and mandatory, and a sale at any other place would be void. Herm. Ex'ns, § 200; Freem. Ex'ns, § 289; Ror. Jud. Sales, § 779; Howard v. North, 5 Tex. 290 [51 Am.Dec. 769]; Grace v. Garnett, 38 Tex. 156; Koch v. Bridges, 45 Miss. 247."

To like effect are the decisions of this court in Dean v. Lusk, 241 Ala. 519, 3 So. 2d 310, and Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313.

We have a statute protecting the purchaser under void process in case the defendant is present not objecting to the sale, and the proceeds are applied to a

valid lien against him. § 559, Title 7, Code 1940 (§ 7847, Code 1923). But that section has no application to this case, if for no other reason, because it does not appear that any of the Hames children whose interests were attempted to be sold were present at the sale.

True, this execution sale was held in 1927 and this proceeding was not instituted until 1941. During the intervening period no effort was made to set the sale aside although, the sale being void, it was subject to attack directly or collaterally. McDonald v. Womack, 214 Ala. 309, 107 So. 812.

Complainants aver that they own an undivided 5/7 interest in the suit property. The burden was upon them to prove this allegation.

We hold that the trial court correctly decreed that the complainants are the owners of an undivided 2/7 interest in the suit property, that which their father acquired under the mortgage foreclosure sale. We hold, also, that it was decreed correctly that the appellant, Charles E. Hames, is the owner of an undivided 2/7 interest in the said property, that which he acquired under the conveyances of his sister, Nina Lois Hames, and his brother, George I. Hames, executed in March, 1934.

We are of the opinion, however, that the trial court erred in holding that the complainants, under the said sheriff's deed, secured an undivided 1/7 interest from each of the following: Jennie Hames Collins, Denia Hames Nelson, and the appellant, Charles E. Hames.

But there was a decree pro confesso against Denia Hames Nelson. Neither she nor Jannie Hames Collins appealed. Therefore, the decree of the trial court as to them will be neither reversed nor affirmed, but will simply stand as though no appeal had been taken. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; City of Tuscaloosa et al. v. Fair, 232 Ala. 129, 167 So. 276; Le Vee v. Le Vee, 93 Or. 370, 181 P. 351, 183 P. 773; 2 Freeman on Judgments, 5th Ed., p. 2418.

However, insofar as the decree holds that the complainants acquired the undivided 1/7 interest of the appellant, Charles E. Hames, it is reversed and the cause is remanded for further proceedings in accordance with this opinion.

The former opinion and judgment in this case are modified and the application overruled.

Reversed and remanded.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.