54 So.2d 582

### BELL v. WILLIAMS et al.
### 5 Div. 511.

Supreme Court of Alabama.

June 14, 1951.

Rehearing Granted Oct. 18, 1951.

Grady Reynolds and Reynolds & Reynolds, Clanton, for appellees.

J. B. Atkinson, Clanton, for appellant.

FOSTER, Justice.

In this suit the question of the title to eighty acres of land, adversely asserted between the complainants and the respondent, is the matter of controversy. The complainants and the respondent, Susie Williams Bell, inherited the land in remainder

from their mother, Patsy Williams, who died in 1920, leaving her husband, Tom Williams, and the parties to this suit, who are her children. Tom Williams resided on the land as long as he lived and after his death, in July 1931, the parties to this suit came into the right of enjoyment of their remainder. Title 16, section 12, Code.

The suit arose by the filing of a bill in equity for the sale of land between tenants in common. Susie Williams Bell, the respondent, set up title to it by virtue of her purchase from one John D. Martin who acquired it from the State Land Commissioner. Her claim of ownership is under the short statute of limitations.

There was a trial of the issues had before the judge and an examination of the witnesses in open court. Upon the hearing of the evidence the court rendered a decree adjudging that the parties to the suit are the tenants in common of the property and fixing their respective interests therein, denying to Susie Williams Bell her claim of ownership by adverse possession, but directing payment to her out of the proceeds of the sale the amount expended by her in acquisition of the lien of the State for taxes and the payment of the taxes subsequent to that time, and charged her with the sum of forty dollars for the sale of timber off the land. She is complaining of this decree and contends that her right to the entire interest in the land has been established by reason of such adverse possession under the short statute of limitations. The further facts are substantially as follows.

There was a decree of the Probate Court of Chilton County ordering certain land sold for taxes for the year 1932. The land is described as the SE¼ of SE¼ of section 10 and SW¼ of SW¼ of section 10, Township 21, Range 12. The latter is evidently a misdescription and it should be section 11.

In the record there is a certificate dated November 27, 1933, signed by the judge of probate of Chilton County and verified by J. T. Carlton, showing that a sale was made of two forties, giving a correct description of both of them as bought in by the State.

There also appears in the record a deed dated August 18, 1938, from the land commissioner to John D. Martin reciting that the land was bought in by the State for taxes. It is described as the SE¼ of SE¼ of section 10 and SW¼ of SW¼ of section 11, which is a correct description of the land in question. The record contains a deed from John D. Martin to Susie Bell dated September 5, 1940, which correctly describes both forties. Susie Williams Bell claims under that deed.

Walter Williams, the oldest child of Patsy and Tom Williams, deceased, and one of the complainants, was residing upon the forty acres in section 10, which is the west forty, at the time of Tom's death. He is still residing there and has been for more than twenty years.

Susie Williams Bell moved into the house which had been occupied by Tom and Patsy soon after the death of Tom, and resided there until the house burned in recent years. Walter cultivated some patches of land around his house and so did Susie.

After Susie Williams Bell obtained her deed from John D. Martin she exhibited the same to Walter who made no response but merely laughed, and having told him she had bought the property he just sat there and looked at the deed and handed it back to her. When she "tried to tell him to get off, he said he wasn't going to get off. * * * He said he wasn't going nowhere." There was no other demand for possession made upon him by Susie Williams Bell or any notice to any of the heirs that she was holding the land adversely to them until July 8, 1948, at which time she gave Walter written notice that his possessory interest had terminated and that he was to vacate and surrender the land. Another notice also appears to have been given on July 23, 1948. This was after the present suit was begun on January 21, 1947.

 There is no effort to show that the tax sale was based upon a compliance with the law which was necessary to make the sale legal so as to convey any title. The burden is upon one claiming under a tax sale to show a compliance with the law

justifying such sale. The recitals of the deed made to a purchaser at a tax sale are by statute prima facie evidence of certain occurrences as stated. Title 51, section 277, Code. But that rule of law does not have application to a deed made by the state land commissioner where the State has become the purchaser of the property. Lathem v. Lee, 249 Ala. 532(10), 32 So.2d 211. Moreover, the pleadings show, as above stated, that Tom died July 22, 1931, and the land was sold for the taxes due October 1, 1932. The taxes due and payable October 1, 1932 were based upon an assessment as of October 1, 1931, after Tom had died. The assessment and sale were therefore void. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281.

Moreover, Tom had only a life interest and a sale for taxes assessed to him would not affect the remaindermen. See, Title 51, section 276, Code; Gunter v. Townsend, 202 Ala. 160, 79 So. 644.

It also appears that the decree of the court ordering the land sold contains a description of only one of the forties here involved, which is the SE¼ of SE¼ of section 10; but the certificate of sale to the State and the deed from the land commissioner to John D. Martin contain the two forties by a correct description, and the deed from Martin to Susie Williams Bell also contains a correct description of both forties. We think it can be said, therefore, that Susie Williams Bell claims the land under her purchase from John D. Martin by virtue of said tax sale and, therefore, if she had the possession adversely thereafter to the other tenants in common for three years her right did ripen into a title under the short statute of limitations. Title 51, section 295, Code; Lathem v. Lee, 249 Ala. 532(13), 32 So.2d 211; Williams v. Oates, 209 Ala. 683, 96 So. 880; Odom v. Averett, 248 Ala. 289, 27 So.2d 479.

In order for this to be done, it is necessary that her possession be adverse to the other heirs, as we have said. The possession of a tenant in common is not adverse to the other tenants in common unless notice has been given them of the adverse nature of the claim. Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Swafford v. Brasher, 246 Ala. 636, 22 So.2d 24. The presumption is that the mere possession of one of the tenants in common is not adverse to the others, and the hostility of such possession must be brought to their attention. It is not claimed that this occurred with respect to any of the tenants except Walter. It is claimed that he was notified of the hostile nature of Susie's possession after she received her deed from John D. Martin, by reason of the fact that she showed the deed to Walter and he read it and merely laughed, giving no answer. She did not otherwise advise him of any adverse claim, but he continued to remain in possession throughout the subsequent years until the filing of the bill, and he still resides upon the land. There is nothing in this procedure to indicate that Walter was giving his acquiescense in any such claim on Susie's part.

Ordinarily when two persons are in possession of a tract of land or any part of it neither can claim against the other by adverse possession since to do so it is necessary that the possession be exclusive as well as hostile and continuous. Chastang v. Chastang, 141 Ala. 451, 37 So. 799; Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, 5 So. 440; Montgomery v. Spears, 218 Ala. 160, 117 So. 753; Singley v. Dempsey, 252 Ala. 677(3), 42 So.2d 609.

So that Susie did not maintain her claim either as to Walter or the other heirs that she held the legal title by virtue of the three year statute applicable to tax sales.

The trial court decreed accordingly, and also held that out of the proceeds of the sale of the land there should be paid to Susie an amount sufficient to reimburse her for what she paid to John D. Martin holding under a deed from the State, together with the taxes which she had paid; but she was charged with an amount which she had received from the sale of timber on the land. Susie cannot complain with respect to that situation. Her purchase of the property was not of an outstanding title but she only acquired a lien for taxes under a void tax sale. Hames v. Irwin, supra

(4); Title 51, section 283, Code; Harrell v. Veig, 246 Ala. 669, 22 So.2d 94. That lien was enforceable by her. Her only right in that connection was to collect the amount secured by it. Salter v. Odom, 240 Ala. 462(3), 199 So. 687.

It is not necessary, therefore, in order to sustain the decree of the court, to rely upon the equitable right of a tenant in common to share in the purchase of an outstanding title by a cotenant because that did not occur in this instance. On a sale of property for division between tenants in common, as shown by this proceeding, it is entirely proper for the court to order the taxes which have been paid upon the property, or which were due and payable, to be paid out of the proceeds of sale.

Susie has no cause for complaint with respect to the decree of the court as to the payment to her for the purpose of reimbursing her for the amounts which she paid on that account. Not having had adverse possession as against the other cotenants after her purchase from John D. Martin for the period of three years within the terms of the statute, she has not shown that she has a title in contravention to the rights of the other cotenants.

The decree of the trial court is without error, and it is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.

On Rehearing.

FOSTER, Justice.

Since the application for rehearing was filed by appellant, appellant has made a motion, supported by affidavit and conceded by appellees, to reverse and remand the cause upon a showing that Isabelle Campbell, one of the complainants, died intestate during the month of February 1947. That was after the filing of the original bill, but before the rendition of the final decree. Also that Sol Hicks owns an undivided curtesy or life interest in the share originally owned by Mamie Hicks, deceased, Mamie having died prior to the institution of this suit; but Sol Hicks has not been made a party to it. Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259.

The decree of the circuit court, in equity, upon which the appeal was taken, rendered on December 28, 1950, found and decreed that said Isabelle Campbell was at that time the owner of an undivided one-tenth interest in the land, subject to said rights there declared. Since at that time the said Isabelle Campbell was dead, and since her death had not been reported to the court and suit revived as to her interest, the decree of the circuit court cannot be sustained, and therefore should be annulled and vacated. 30 C.J.S., Equity, section 589, page 978; Martin v. Cothran, 240 Ala. 619, 200 So. 609; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Curry v. Holmes, 249 Ala. 545, 32 So.2d 39.

Upon the basis of that status, we extend the opinion, grant the application for rehearing, set aside our decree of affirmance, cancel and annul the decree of the trial court and remand the cause.

Application for rehearing granted.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.