SHORES, Justice.
This is an appeal from a judgment of the trial court ordering twenty acres of land sold for division. We affirm.
G.W. Byess acquired the twenty acres in 1912. He resided on the land until his death in 1933. He was survived by his third wife. G.W. Byess left nine children from three marriages. All of these children except one, Mabel Byess Hartley, are now dead. Eight of them left lineal descendants.
His third wife, Necie, following his death in 1933, continued to reside in the home on the twenty acres. She moved away for a while and then returned to the property and continued to reside there until her death in 1975.
The lands, assessed for taxes in the widow’s name, were sold for taxes in 1942, and were purchased at a tax sale by H.F. Hart-ley, the husband of Mabel Byess Hartley, a daughter of G.W. Byess by Necie. “A sale for taxes assessed to life tenant does not affect remaindermen.” Bell v. Williams, *1361 256 Ala. 298, 54 So.2d 582 (1951). H.F. Hartley died in 1978, and his widow, Mabel Byess, executed a deed to the twenty acres to Phillip R. Newton and Ruby Newton, who, in turn, executed a mortgage to First Federal Savings and Loan Association of Bessemer. The Newtons and First Federal were made defendants in the suit, seeking sale for division brought by heirs of G.W. Byess, except Mabel Byess Hartley.
All of the parties to this suit agreed that, in the event the court determined that the plaintiffs were entitled to have the property sold, defendants Newton would pay into court $48,500, and the court would divide the sum just as it would had there been a public auction.
There is but one point of difference between the appellants and the appellees. The appellants contend that, in order for Necie, the widow, to become a life tenant of the property, it must be proven that the property was less than 120 acres and valued under $2,000. The appellees concede that no judicial proceeding was held to set aside the lands to the widow as exempt under the homestead law, but assert that, under the law at the time of G.W. By ess’s death, until there was a judicial petition for homestead and a determination of these facts, the widow was entitled to be endowed with the right to the exclusive possession during her lifetime and that the tax sale could have carried no more than her interest, the right to use the property for life. They contend that, since no action was taken to set the property aside to the widow, a sale for taxes did not affect the rights of the re-maindermen and, therefore, the tax sale in this case in 1942 during the lifetime of the widow did not convey the interest of the children.
The judgment of the trial court is affirmed. Two statutes and the cases construing them compel this result. Under § 7925, Ala.Code 1923, in effect at the time G.W. Byess died, his widow was entitled to the right of possession until there was an ascertainment of homestead and, where no ascertainment is made, as was the case here, the right to possession continued until her death in 1975. This statute is now found in § 6-10-67, Ala.Code 1975.
Section 7925, Ala.Code 1923, reads:
“Use, etc., of such property before exemptions set apart; right to sue and defend. — Before grant of administration, and before the exempt property is set apart, the right of the widow and minor child or children, or either, to the use and benefit of such property, shall be the same as if it had been set apart as exempt; and suits respecting the same may be maintained or defended by the widow, or if there is no widow, by the minor child or children, as fully, and to the same extent, as if such property had been set apart as exempt from administration. [Emphasis supplied].”
The widow was in possession of the land at the time of the tax sale as a life tenant. The children of G.W. Dyess were remaindermen. Their interest could not be conveyed by the tax deed. Section 40-10-29, Ala.Code 1975 (Acts 1935, No. 194, p. 256; Code 1940, T. 51, § 276):
“Deeds — Delivered to purchaser. After the expiration of three years from the date of the sale of any real estate for taxes, the judge of probate then in office must execute and deliver to the purchaser, other than the state, or person to whom the certificate of purchase has been assigned, upon the return of the certificate and payment of a fee of $1.00 to the judge of probate, a deed to each lot or parcel of real estate sold to the purchaser and remaining unredeemed, including therein, if desired by the purchaser, any number of parcels, or lots purchased by him at such sale; and such deed shall convey to and vest in the grantee all the right, title, interest and estate of the person whose duty it was to pay the taxes on such real estate and the lien and claim of the state and county thereto, but it shall not convey the right, *1362 title or interest of any reversioner or remainderman therein.”
Thus, H.F. Hartley, the purchaser at the tax sale, took only the interest of the life tenant and not the remaindermen. Gunter v. Townsend, 202 Ala. 160, 79 So. 644 (1918). It follows, therefore, that the only interest conveyed to the Newtons by the deed from Mabel Byess Hartley was her interest as a descendant of G.W. Byess. The trial court so held, and its judgment is due to be affirmed.
Appellants finally argue that it has not been proven that the land cannot be equitably divided and, thus, the trial court erred in ordering a sale. This argument has no force. Twenty acres of land is involved with two frame houses on it, and there are thirty-nine different owners of interests, ranging from Vs to Vim. This was sufficient evidence to allow the trial court to conclude that it could not be equitably divided. English v. Brantley, 361 So.2d 549 (1978).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.