[Bailes, *et al v.* Daly, *et al.*]

# Bailes, *et al v.* Daly, *et al.*

### *Bill for Partition After Falling in of Life Estate.*

(Decided Dec. 21, 1905.   40 So. Rep. 420.)

1. *Statutes; Repeal; Effect of Failure to Codify; Homestead.*—Under Acts 1876-77, p. 32, the title to real estate of a decedent vested in the heirs subject to homestead exemption of the widow; and under said statute that vested only for the life of the widow, unless the estate was judicially ascertained to be insolvent. And Sec. 2, Acts 1884-85, p. 114 having been left out of the codification of the laws in 1886, and not having been preserved by other legislative action, was repealed.

2. *Constitutional Law; Retroactive Operation of Statute; Homestead.*—Where, under the statute in force at the death of intestate, the title to his real estate descended to the heirs, subject to a life estate in the widow, of the homestead, the Legislature cannot subsequently pass an act by virtue of which the fee to the homestead is vested in the widow. (Overruling DeArmond v. Whitaker, 99 Ala. 252, so far as it conflicts herewith.)

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

William F. Daily and William T. Bailes file their bill seeking to partition certain land among the joint owners thereof. It is filed against the other heirs at law of Thomas Bailes, and charges that he left certain lands, describing them, of which he died seized and possessed; that he left surviving him a widow of his second marriage, who occupied these lands as her homestead during her life, and who before her death conveyed them to her children by said Thomas Bailes. Complainants are the children by the first wife, who died before said Thomas Bailes. The other facts and allegations are set out in the opinion of the court.

The defendants demurred to the bill as follows: It appears from said bill of complaint that the land sought to be sold for division was heretofore set aside as exempt

to Margaret F. Bailes as the widow of Thomas J. Bailes deceased, and that the same is not subject to be sold for division. 2nd. It appears from the bill of complaint that the land sought to be sold for division was the property of one Thomas J. Bailes, now deceased who was a resident of this State and county at the time of his death; that said Thomas J. Bailes left surviving him his widow, Margaret F. Bailes, a resident of said county and state, and that said land does not exceed in amount and value the exemptions allowed to a widow under the laws of this state, and that no administration was granted upon the estate of the said Thomas J. Bailes deceased within sixty days after his death, and that said land was heretofore set aside as exempt to the said Margaret F. Bailes as the widow of said Thomas J. Bailes, deceased, according to law. 3rd. It appears from said bill of complaint that said Margaret F. Bailes as the widow of Thomas J. Bailes, deceased, heretofore in to-wit, the year 1898, became the absolute owner of the real estate sought to be sold for division according to law for such case provided. 4th. It appears from said bill of complaint that the title to the real estate sought to be sold for division heretofore vested absolutely in Margaret F. Bailes, the widow of Thomas J. Bailes, deceased, in to-wit, the year 1898, according to the laws of this state. 5th. It appears from said bill of complaint that complainants have no right in or title to the land sought by them to be partitioned. Motion was also made to dismiss the bill for want of equity. Upon the hearing, the chancellor overruled the demurrers and motion to dismiss, and his decree is assigned as error.

W. T. SANDERS, for appellant.—Under the act passed in February, 1885, the title to this land vested absolutely in the widow.—Acts 1884-5, p. 114. It is not necessary that a judicial ascertainment of the insolvency of the estate or that an administration thereon should be had in order for the title to vest absolutely in the widow to a homestead set apart for her.—*DeArmon v. Whittaker,* 99 Ala. 252. The probate court made the proper

decree setting it apart to the widow. The simple question of the operation of an exemption statute, is the only one in this case and such statutes are always construed liberally, so as to accomplish the beneficial purpose of the legislation.—*Chandler v. Chandler*, 87 Ala. 303; *Brooks v. John, Admr.*, 119 Ala. 417. The statutes of descent under which complainants base their right is of no higher authority or dignity when the act creating the exemption.—*Dutler v. Palmer*, 1 Hill 324. Under the act of December, 1892, the title vested absolutely in the widow without any administration or process whatever. The law intervenes and attaches to such property as absolutely as if the particular property had been selected, set apart and exempted.—*Brooks v. John, supra; Jackson v. Wilson*, 117 Ala. 436; *Garland v. Bostick*, 118 Ala. 209; *Newell v. Johns*, 128 Ala. 584; 15 Am. & Eng. Ency. of Law, (2nd Ed.) 707, note 3.

W. R. WALKER, for appellee.—The laws in force at the time of the death of the husband govern the exemptions allowed to the widow, her rights accruing and vesting only under and by virtue of such laws.—*Taylor v. Pettus*, 52 Ala. 287; *Taylor v. Taylor*, 53 Ala. 135; *Rottenberry v. Pipes*, 53 Ala. 447; *Miller v. Marx*, 55 Ala. 322; *Garner v. Bond, Admr.*, 61 Ala. 84; *Davis, Admr. v. Davis*, 63 Ala. 293; *Smith's Exctr. v. Cockrell*, 66 Ala. 64, 77; *Slaughter v. McBride*, 69 Ala. 510; *Bell v. Hall*, 76 Ala. 546; *Skinner v. Chapman*, 78 Ala. 376; *Dossey v. Pittman*, 81 Ala. 381; *Foy v. Wellburn*, 112 Ala. 160; *O'Rear v. Jackson*, 124 Ala. 298; *Manchus v. Harris*, 69 Ala. 506.

Retrospective statutes affecting and changing vested rights and titles to property are void.—Cooley Const. Lim., 7 Ed. 508, *et seq.; Strong v. Clemm*, 74 Am. Dec. 200; *McNeer v. McNeer*, 19 L. R. A. 256; *Barnitz v. Beverly*, 163 U. S. 118, 41 L. Ed. 93 and note; *Rose v. Rose*, 84 Am. St. Rep. 430 and note; *Goshen v. Stonington*, 10 Am. Dec. 131 and 134 and note; *Randall v. Kreiger*, 90 U. S. 23 L. Ed. 124; *Edwards v. Kearzy*, 96 U. S. 595, 24 L. Ed. 783; *Westervelt v. Gregg*, 12 N. Y. 202.

[Bailes, *et al v.* Daly, *et al.*]

209, 62 Am. Dec. 160 and note; *Dockery v. McDonald,* 40 Ala. 481; *Coosa River Steamboat v. Barclay,* 30 Ala. 120; *Halliday v. Jones,* 57 Ala. 525; *Matter of Peel,* 89 Am. Dec. 791; *Dash v. Van Kleck,* 5 Am. Dec. 291; *Gladney v. Snyder,* 95 Am. St. Rep. 751; 8 Cyc. Law Proced., 913; *Norman v. Heist,* 40 Am. Dec. 493; *Society v. Dugan,* 5 Atl. Rep. 415; *Kelso v. Stieger,* 24 Atl. Rep. 18; *M. & G. R. R. Co. v. Peebles,* 47 Ala. 317; *Drake's Case,* 102 Ala. 501; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268.

Retrospective legislation must clearly appear in the title of the act.—Constitution of Alabama of 1901, § 45; *Lindsay v. U. S. Building & Loan Asso.,* 120 Ala. 156.

Upon the death of the ancestors the rights of the heirs become fixed under existing law and the Legislature is without power to disturb the right thus vested.— Cooley Const. Lim. (7 Ed.), 512; *L. & N. R. R. Co. v. Hill,* 115 Ala. 334; *Stovall v. Clay,* 108 Ala. 105; *Banks v. Speers,* 97 Ala. 560, 569.

No person shall be deprived of his property without due process of law.—U. S. Const. Art. XIV; Ala. Const. of 1901, S. 6; *Powell v. Summons,* 31 Ala. 552; *Ex. P. Candee,* 48 Ala. 386; *Zeigler v. S. & N. R. R. Co.,* 58 Ala. 594; *Den v. Hobskin Land Etc. Co.,* 18 How. 280, 15 L. Ed. 372; *Dartmouth College v. Woodward,* 4 Wheat. 581, 4 L Ed. 628; *Ex P. Wall,* 107 U. S. 289, 27 L. Ed. 552; *Hurtado v. People of California,* 110 U. S. 535, 28 L. Ed. 232; *Hagar v. Reclamation Dist.,* 111 U. S. 708, 28 L. Ed. 569; *Simon v. Croft,* 182 U. S. 437, 45 L. Ed. 1171; *Westervelt v. Gregg,* 12 N. Y. 202; *Willburn v. McCully,* 63 Ala. 436; *Mead v. Larkin,* 66 Ala. 87; *Betancourt v. Ebertin,* 71 Ala. 461; *Iowa Cent. R. Co. v. Iowa,* 160 U. S. 393, 40 L. Ed. 467; *Dewey v. DesMoines,* 173 U. S. 201, 43 L. Ed. 665; *Roller v. Holly,* 176 U. S. 409, 44 L. Ed. 524; *Pennoyer v. Neff,* 95 U. S. 733, 24 L. Ed. 565; *Orchard v. Alexander,* 157 U. S. 383, 39 L. 737; *L. & N. R. R. Co. v. Schmidt,* 177 U. S. 236, 44 L. Ed. 750; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; *Sattler v. Laughlin,* 34 Ala. 311, 329.

HARALSON, J.—The bill in this case was filed for partition of land set apart in 1898 as exempt to the widow of Thomas J. Bailes, who died in March 1884. He had been twice married, and the bill was filed by the children of the first marriage, a year after the death of the second wife, against the children of his second marriage, to whom the widow, their mother, had conveyed the property after it had been set apart to her. The bill avers that there had been no administration upon the estate of Thomas J. Bailes, nor any judicial ascertainment of its insolvency.

Upon the death of the ancestor the legal title to the real estate descended to his heirs at law subject however to the homestead exemption of the widow. This homestead right of the widow is determined by the law in force at the time of the death of the husband."—*O'Rear v. Jackson*, 124 Ala. 298, 26 South. 944.

The statute conferring the exemption, in force at the time of the death of Thomas J. Bailes, was the act approved February 9, 1877 (Acts 1876-77, p. 32), which provided that the exemption should inure to the benefit of the widow only during her life, the fee going to the heirs at law unless it was judicially ascertained that the estate was insolvent, in which event it should vest in her absolutely. It is contended, however, for appellants, that the act approved February 12, 1885 (Acts 1884-85, p. 114), was by its terms made applicable to residents who died before its enactment, and that section 2 thereof provided that the title should vest in the widow "as if said estate had been regularly declared insolvent."

The second section of the act of February 12, 1885, however, if that were important, was never adopted into the code of 1886 nor preserved by any act of legislation at the session of the general assembly at which the code was adopted. It was therefore repealed.—*O'Rear v. Jackson, supra.*

The question presented for review is, as raised by the demurrer and the motion to dismiss the bill: Had the Legislature the right to pass an act, subsequent to the death of a party under and by virtue of the provisions

[Bailes, *et al v.* Daly, *et al.*]

of which his widow is granted homestead rights in the
lands of her deceased husband, which she did not have
under the law as it existed at the time of her husband's
death?

The question has been answered, it seems, in the case
of *Shamblin v. Hall,* 123 Ala. 545, 26 South. 286 where
it is said: "Prior to the act of February 12, 1885, the
widow of the decedent took only a life estate in the
homestead set apart to her, except in cases where by de-
cree of the probate court the estate was ascertained and
declared insolvent, in which event the absolute title to
the homestead vested in the widow, or widow and minor
children, or minor child or children as the case may be.
Subject to these statutory provisions upon the death of
the ancestor intestate, *eo instanti,* the legal title of the
real estate descended to and vested in his heirs at law.
Where the estate was solvent, the absolute fee in the
lands of the decedent descended to and vested in  the
heir, subject to the right to have set apart out of the same
a homestead to the widow and minor children; the title
to said homestead as to the widow being limited to her
life, and as to the minor to the term of his minority. The
title so descending to the heir became a vested right, and
it was not within the power of the legislature by stat-
utory enactment after the title had become vested in the
heir by descent, to divest it out of the heir and vest it in
another. To do so would be to deprive the citizen of his
property without due process of law."

Our conclusion is, that Thomas J. Bailes, having died
in March, 1884, after the adoption of the act of 1876-77,
the absolute fee to the land in question, descended to his
heirs at law, subject to the right of the widow and minor
children to have a homestead set apart to them, and that
the title of the widow was limited to her life, and as to
the minor children, to the term of their minority.

The case of *DeArmon v. Whittaker,* 99 Ala. 252 relied
upon by counsel in the application for rehearing, was
tried upon an agreed statement of facts, as set out in
the report of that case, in which it was stated that the
exemption was considered and passed on under the stat-

[Colbey-Hinkley Co. v. Jordan.]

ute of 1884-5, p. 114. The question of the want of power in the Legislature by statute, to divest title was not discussed in that case, and as far as the opinion and report shows, was not presented to the court for consideration. However, in so far as said case conflicts with the opinion herein, it will not be hereafter followed.

The demurrer to the bill was properly overruled, and the decree of the chancery court is affirmed.

Affirmed.

All the Justices concur.