175 So. 259

## RATLIFF et al. v. RATLIFF et al.

### 6 Div. 125.

Supreme Court of Alabama.

June 3, 1937.

J. T. Johnson, of Oneonta, for appellants.

R. G. Kelton, of Oneonta, for appellees.

FOSTER, Justice.

This is a suit in equity to settle the ownership of land claimed by respondent David Ratliff.

The important facts which seem to be undisputed are that John J. Ratliff died

in March, 1908, possessed of land in value and amount not exceeding his homestead exemption. He left surviving him a widow and four children all over the age of 21 years, and two children were dead, leaving descendants.

In November, 1908, the widow made a conveyance, misdescribing the land, whereby she conveyed it to the four living children and heirs of the two who had died. The deed was in all respects regular, purporting to be a present grant with warranty of title, but immediately following the description and preceding the habendum clause was inserted the following: "This conveyance made in order that each one of the heirs herein mentioned may share equally in the proceeds of said land at my death, accept (sic) the son and heir of Robert Ratliff, shall first have twenty-five dollars and then share equally with the balance of the heirs mentioned, the above land to be sold at my death to the best advantage and with the least possible cost and divided as above mentioned, situated in Blount Co. Ala."

Robert Ratliff, deceased, and David Ratliff were sons of the widow; the other four were children of another marriage. The widow and her son David continued to reside upon the land.

In September, 1914, she petitioned the probate court and in February, 1915, she had the land set apart to her as a homestead exemption, without administration under section 4224 et seq., Code of 1907, without notice to the heirs. There was then no requirement of law for notice.

On April 24, 1915, she made a deed conveying the land to her son David. He claims that he then began assessing it to himself for taxation and paying the taxes, cultivating or renting and collecting the rents, selling timber, improving and repairing the buildings, and in the open, notorious, peaceable, uninterrupted, and quiet possession thereof for 20 years next before the filing of the bill. The deed was filed for record, and recorded on November 13, 1915. The widow died in October, 1917. David continued to use and operate the farm or rent it as he had during his mother's lifetime, and until this bill was filed November 7, 1935. So that David had possession of the land 18 years after the death of his mother, and 20 years after the deed she made him, though she lived on the land until she died. He claims that

his possession has been adverse before and since his mother's death, and that the complainants had notice of such claim, actual or constructive; also that the instrument executed in 1908 by his mother was a will rather than a deed, and was revocable as evidenced by its recitals.

We think it is apparent that it is not a will, but a deed, with an intention to reserve a life estate in her. We have shown that John J. Ratliff died in March, 1908. The Code of 1907 became effective by proclamation of the Governor on May 1, 1908. So that the question of title to the homestead was controlled by the Code of 1896. Bodeker v. Tutwiler, 211 Ala. 537, 100 So. 776; Bailes v. Daly, 146 Ala. 628, 40 So. 420. This court has held that under the Code of 1896, by virtue of section 2071, when the homestead left by a decedent was all his real estate and less in area and value than the exemption allowed by law, the title vests absolutely in the widow if there are no minor children, whether the same is set apart or not. Miles v. Lee, 180 Ala. 439, 61 So. 915, and cases cited. On that principle the legal title vested in this widow when her husband died in 1908, and the proceeding under the statute in 1915 did not add to her right or title. She had deeded all her interest, except a life estate, when that proceeding was had.

The cases of Strickland v. Hinson, 213 Ala. 401, 104 So. 766, and Leddon v. Strickland, 218 Ala. 436, 118 So. 651, have no material bearing on this situation.

During the life of the widow, who had divested herself of all title, except a life estate, there was no duty on the part of the grantees to take note of any claim made by David under his deed in 1915. Winters v. Powell, 180 Ala. 425, 61 So. 96; Teal v. Mixon, 233 Ala. 23, 169 So. 477. This situation is not within the principle declared in Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St.Rep. 73, and other cases cited in Herren v. Beck, 231 Ala. 328, 164 So. 904.

The question then is whether David had adverse possession of the land as against his cotenants on account of his acts and conduct, which occurred after the death of his mother and the falling in of her life estate. The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must

be positive information of the facts, however informally communicated or acquired. Kidd v. Borum, 181 Ala. 144, 160, 61 So. 100, Ann.Cas.1915C, 1226; Lee v. Lee, 196 Ala. 522, 72 So. 24.

 The record of the deed to David, without more, is not sufficient notice. Winters v. Powell, 180 Ala. 425, 61 So. 96; New England Mortgage Sec. Co. v. Fry, 143 Ala. 637 (8), 42 So. 57, 111 Am.St. Rep. 62; Farmers' Union Warehouse Co. v. Barnett Bros., 223 Ala. 435 (11), 137 So. 176; Kelley v. Cassels, 226 Ala. 410 (8), 147 So. 597.

The possession of a cotenant may be so open and notorious in its hostility and exclusiveness as to put the other tenants on notice. Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 96 Am.St.Rep. 82; Abercrombie v. Baldwin, 15 Ala. 363, 369. The mere fact that he has taken all the rents and profits does not show an ouster of his companions. Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Winsett v. Winsett, 203 Ala. 373, 83 So. 117.

But when the ouster is shown, and adverse possession held for 10 years or more, the title is perfected in the possessor, subject to an additional period of 3 years for infants after majority is reached. Winsett v. Winsett, supra.

The evidence shows that, after his mother died in 1917, David Ratliff rented the land and collected the rent, without making account to the others and without demand that he do so; he assessed it for taxes and paid the taxes each year, and lived on it one year (1924), and all the time had entire supervision and control of it without consultation with complainants. It also reasonably appears that, for the 18 years after his mother's death, and before this suit was brought, his claim of ownership was exclusive, open, and apparently hostile, and that the contesting complainants must have known it. Complainant John Ratliff disclaims all interest. There is positive evidence that some of them did know of such claim for 10 years or more. They asserted no right and sought no interest for that time. The minor grandchildren were so when the owner died in 1908, and have long since become of legal age.

We agree with the trial court that the adverse possession of David Ratliff was complete and perfected title in him as against the other parties here complaining upon the principles of law we have stated and the facts which the record shows.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.