177 So.2d 99

**Sue Snow FOSHEE et al.**

v.

**Worth FOSHEE et al.**

5 Div. 786.

Supreme Court of Alabama.

June 30, 1965.

206

Alvin B. Foshee, Clanton, for appellees.

———◆———

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

LIVINGSTON, Chief Justice.

This is the second appeal in this case. See Foshee v. Foshee, 273 Ala. 539, 143 So. 2d 301. There, this Court sustained the equity of the bill of complaint. The substance of the case made by the bill of complaint is there stated and we see no point in repeating the allegations here. After affirmance, the case was tried in the lower court on evidence taken ore tenus before the trial judge who decided the issues in favor of the complainants in the court below. This appeal followed.

On former appeal, this Court stated:

"Assuming, without deciding, that the jurisdiction of a court of equity cannot be invoked for the purpose of resolving a dispute between tenants in common of a burial lot as to the kind of gravemarker to be placed thereon initially, such principle would not be controlling here. The basic purpose of the bill is to have the old monuments placed back on the graves just as they were for many years with the acquiescence of the next of kin—in other words, to restore the graves to the con-

dition they were in for more than 45 years. Our view is that the particular circumstances of this case give equity to the bill. * * *"

Suffice it to say, that the evidence heard by the trial court was ample to sustain the decree rendered in the court below. We will, therefore, proceed to the questions of law presented by this appeal.

It seems to be admitted that after the death of Mrs. Adeline Smitherman Foshee about the year 1911, Hill J. Foshee and Calhoun Foshee, Sr., were tenants in common of the cemetery plot which descended to their heirs at law, the complainants and respondents (except Long). The contention seems to be that the respondents acquired sole ownership of said cemetery plot by adverse possession and by abandonment.

The record contains 10 assignments of error and 6 cross-assignments of error.

Hill J. Foshee died in 1951 and is not buried in the lot in question. Calhoun Foshee died in 1958 and is buried in the lot in question.

It is axiomatic that the possession of one tenant in common is the possession of all. Larkin v. Haralson, 189 Ala. 147, 66 So. 459; Livingston v. Livingston et al., Alexander et al. v. Livingston, 210 Ala. 420, 98 So. 281; and a possession of one tenant in common is presumed to be for the benefit of all. Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75. The possession of a tenant in common exercising customary acts of ownership does not alone operate as disseisin of cotenant, but there must be positive information of facts, however informally communicated or acquired. Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259. Before a tenant in common can rely on his ouster of his cotenant, he must claim entire title to the land, must hold exclusive adverse possession against every other person, and repudiate relation of cotenancy. Tarver v. Tarver, 258 Ala. 683, 65 So.2d 148. The possession of one tenant in common is prima facie presumed to be the possession of

all, and it does not become adverse to the cotenants unless they are actually ousted, or, short of this, unless the adverse character of the possession of one is actually known to the others, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the other tenants on notice of its adverse character. Bailey v. Bond, 237 Ala. 59, 185 So. 411; Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 13, 96 Am.St.Rep. 82; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Elsheimer v. Parker Bank & Trust Co., 237 Ala. 24, 185 So. 385; Palmer v. Sims, 176 Ala. 59, 57 So. 704; Swafford v. Brasher, 246 Ala. 636, 22 So.2d 24.

The decree of the trial court was to the effect that the evidence was insufficient to show adverse possession on the part of the respondents, and that there was insufficient evidence to show abandonment by the complainants.

■ In general, where a tenant in common commits such waste or does other acts that amount to a destruction of the common property or that will result in its permanent injury, a cotenant is entitled to injunctive relief. 7 R.C.L., p. 904, Sec. 104; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417, 419; Sue Snow Foshee et al. v. Worth Foshee, et al., supra.

■■ Where the evidence is taken ore tenus before the trial judge, his decree is likened to the verdict of a jury, and on appeal will not be reversed unless it is plainly and palpably wrong. Eidson v. State ex rel. Burns, 263 Ala. 281, 82 So.2d 218; 2A Ala. Digest, Appeal and Error, Key 1008 et seq.

■ Under the cross-assignments of error, the appellees argue that the court below failed to decree complete relief in that (1) he did not order the old monuments be put back in their original position and in the same condition as before their removal; (2) the grave lot put back in the same condition; and (3) the removal of the new and modern gravemarkers placed in the lot by the appellants. The trial court decreed:

"1. That the four original grave stone markers be replaced on the graves of the deceased just as they were for many years with the acquiescence of all of the next of kin; and that the respondents restore the grave and the grave stone markers to the same condition as they were in before their removal from said Foshee Cemetery Plot.

"2. That the grave stone markers in the possession of the respondents be retained by them and that they remain undamaged and undestroyed until the same are forthwith replaced.

"3. That the respondents are ordered and directed to replace said markers within 30 days from the date hereof and to forthwith report to the Court when the same have been restored."

As we understand it, no argument whatever is made as to the new marker placed by the respondents in the center of the Foshee lot.

In brief, appellees mistakingly assume that the new markers placed on the graves by appellants are placed at the foot and not at the head of the graves. From the record, we conclude that the new markers placed by appellants on the four graves in 1958 are placed at the head of the graves. It is perfectly apparent from the decree of the lower court that if the old markers are replaced on said graves it will necessitate removal of the new markers. According to the record, as we understand it, the trial court has granted complete relief as prayed for in the bill of complaint.

Finding no error in the record, the decree of the lower court is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.