The plaintiffs (appellants) filed suit against defendants (appellees) seeking to have the court declare plaintiffs to be the fee simple owners of a 28.6-acre tract of land in Lowndes County. The defendants denied the plaintiffs' claim to the land and, by counterclaim, asked the court to declare them the fee simple owners. After a hearing, the court entered its order in favor of the defendants and the plaintiffs appealed.
In December, 1944, Matthew Jackson and A.F. Jackson acquired a tract of land by deed from G.R. and Quintilla Beers. The lands conveyed by this deed included the 28.6-acre tract, which is the subject of this litigation, and other lands.
In July, 1967, Matthew Jackson and A.F. Jackson made a physical division of part of the lands acquired from the Beerses by executing quitclaim deeds to each other. The 28.6-acre tract was not included in this division and remained of record in joint ownership in Matthew and A.F. Jackson under the original deed from the Beerses.
Matthew Jackson died intestate in 1968, leaving a widow and several children, who are the defendants-appellees in this cause.
In 1974, A.F. Jackson conveyed his interest in the 28.6-acre tract to Hugh Tyson and others, the plaintiffs-appellants.
The testimony of several witnesses established that Matthew Jackson, during his lifetime, and certain of his sons, after his death in 1968, had farmed the 28.6-acre parcel, had kept fences around it and paid taxes on it. The trial court found ". . . that the possession of the respondents was so open, notorious, exclusive and adverse as to amount to notice to the complainants and those through whom they claim, and from which an ouster can be inferred."
We reverse and remand.
The rule has long been established in this jurisdiction that the possession of one *Page 1142 
tenant in common is presumed to be the possession of all; and such possession does not become adverse to the cotenant until he is actually ousted or short of ouster, the adverse character of the possession of one is actually known to the other, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Foshee v. Foshee, 278 Ala. 205, 177 So.2d 99 (1965);Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962); Marksteinv. Schilleci, 258 Ala. 68, 61 So.2d 75 (1952); Hames v. Irwin,253 Ala. 458, 45 So.2d 281 (1949); Ratliff v. Ratliff, 234 Ala. 320,175 So. 259 (1937).
Before the possession of a cotenant may be regarded as adverse to his cotenant, he must repudiate the cotenant's interest in the property by act or declaration. Livingston v.Livingston, 210 Ala. 420, 98 So. 281 (1923). This means that there must be some express denial of title and right to possession of the fellow cotenant brought home to him openly and unequivocally. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910 (1935); 86 C.J.S. Tenancy in Common § 27. InRatliff v. Ratliff, supra (234 Ala. at 322, 323,178 So. at 261), this court stated the rule as follows:
 ". . . The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must be positive information of the facts, however informally communicated or acquired. . . ."
In the instant case, there is no evidence that Matthew Jackson, during his lifetime, or his heirs, after his death, ever indicated by word or act that they held adversely to the interests of the cotenant, A.F. Jackson. That being the case, there is no evidence to overcome the presumption that the possession of Matthew or his heirs was for the benefit of the cotenant A.F. Jackson and his successors in title. To prevail, the appellees are required to overcome this presumption by the evidence. Having failed to do so, the judgment in their favor must be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.