EMBRY, Justice.
This appeal is from a decree ordering the sale of real estate, consisting of approximately 136.45 acres of land located in Russell County, Alabama, and division of the proceeds of that sale. The decree resulted from an ore tenus trial.
The petition was filed by Winston Ed-monds, Sr., against 31 of his known coten-ants and others not known and unnamed.
Appellants, Robbie Edmonds and others, cotenants in actual possession, claim exclusive ownership of the property by reason of their adverse possession against appellee, Winston Edmonds, Sr., and other cotenants not in actual possession. The claim is based upon a claimed open, notorious, adverse and exclusive possession of appellants, or those from whom they derived their interest, for a period of more than twenty years. Appellants’ contention is untenable.
“The rule has long been established in this jurisdiction that the possession of one tenant in common is presumed to be the possession of all; and such possession does not become adverse to the cotenant until he is actually ousted or short of ouster, the adverse character of the possession of one is actually known to the other, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Foshee v. Foshee, 278 Ala. 205, 177 So.2d 99 (1965); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962); Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75 (1952); Hames v. Irwin, 253 Ala. 458, 45 So.2d 281 (1949); Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259 (1937).
“Before the possession of a cotenant may be regarded as adverse to his coten-ant, he must repudiate the cotenant’s interest in the property by act or declaration. Livingston v. Livingston, 210 Ala. 420, 98 So. 281 (1923). This means that there must be some express denial of title and right to possession of the fellow co-tenant brought home to him openly and unequivocally. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910 (1935); 86 C.J.S. Tenancy in Common § 27. In Ratliff v. Ratliff, supra (234 Ala. at 322, 323, 178 So. at 261), this court stated the rule as follows:
“ ‘ * * * The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must be positive information of the facts, however informally communicated or acquired. * * * Tyson v. Jackson, 364 So.2d 1140 (Ala.1978).
In this case there is no evidence to support a finding that possession of anyone claiming title to subject property by adverse possession satisfied the requirements of Tyson so as to defeat title of a cotenant.
The judgment below is due to be and is hereby affirmed upon the authority of Tyson v. Jackson, aided by the ore tenus rule.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and SHORES, JJ., concur.