SHORES, Justice.
The plaintiffs brought an action asking the court to order a sale for division of a tract of land in Jackson County. The court ordered the sale, and the defendants appealed. We affirm.
The following, from the decree appealed from, illuminates the facts and issues involved:
“DECREE
“The plaintiffs claim that they are joint owners with the defendants in a forty-acre tract of real property located near Scottsboro in Jackson County, Alabama, and they seek a sale of the property for division of the proceeds. The defendants deny that the plaintiffs own any interest in the property and contend that they are the sole owners of the property.
“In 1901, the property was owned by Silas Childress, who died that year. Several years later, a homestead proceeding was commenced in the probate court which resulted in a decree dated December 22,1916, setting aside the forty acres to Silas Childress’s widow, Mattie Chil-dress, and minor daughter, Johnnie Chil-dress.
*863 “There are two sets of plaintiffs in this case, each claiming title from a different source. The Bates plaintiffs claim an interest in the property as descendants of Mattie Childress. The White plaintiffs claim an interest in twenty acres only, their claim being by virtue of a sheriff’s deed dated November 27, 1916, which conveyed to their ancestors, Gayle and White, the interest of S. P. Childress, a son of Silas Childress.
“The defendants are the descendants of Johnnie Childress. They claim that a one-half interest in the forty-acre tract descended to them from Johnnie Chil-dress. Additionally, they claim that they have acquired complete ownership of the tract by adverse possession.
“The first issue to be addressed is the claim of the White plaintiffs whose claim is dependent upon the validity of the 1916 sheriff’s deed to Gayle and White. The deed resulted from an execution sale to satisfy a judgment rendered against S. P. Childress. The deed sought to convey any interest which S. P. Childress had in the subject property. The only evidence that S. P. Childress had an interest in the property is that he was an heir of Silas Childress. However, any interest which he might have acquired by descent from Silas Childress was subject to the homestead rights of Silas Childress’s widow and minor child. As a result of the homestead proceeding in the probate court, title to the property vested in the widow and minor child, thus defeating any claim of right held by S. P. Childress and destroying any interest conveyed by the sheriff’s deed. It follows that the source of title relied upon by the White plaintiffs fails and their claim is due to be denied.
“The other primary issue presented by this litigation is whether the defendants have proved their claim of adverse possession.
“Following the death of Silas Childress, the widow, Mattie, and daughter, Johnnie, who later married Roy Beard, lived on the property and possessed it until Johnnie’s death in 1948 and Mattie’s death in 1949. Roy Beard continued living on the land and possessing it until 1954 at which time he remarried and moved away. One or more of Roy Beard’s children either lived on the land or cultivated it until this lawsuit was filed in May, 1979. Roy Beard died in 1977.
“The defendants contend that the continuous possession from 1949 to 1979 by Roy Beard or one of his children gives rise to ownership by adverse possession.
“The plaintiffs contend that possession by Roy Beard and his children prior to Roy Beard’s death in 1977 was not adverse because Roy Beard acquired a right of curtesy upon the death of his wife, Johnnie, which gave him the right of possession during the remainder of his life.”
It is conceded by all parties that the decree allotting the homestead entered by the judge of probate in 1916 had the legal effect of establishing an undivided one-half interest in the forty-acre tract in the widow, Mattie Childress, and an undivided one-half interest in the minor child, Johnnie Childress. Johnnie Childress married Roy Beard, and they had eight children. These are defendants and are referred to for convenience as the Beard group. After Silas Childress died, his widow Mattie and Johnnie continued to live on the property and, after Johnnie married Roy Beard, all of them continued to live on it. Johnnie died intestate in 1948. Her husband Roy and eight children survived her (the Beard group).
Mattie Childress, Mrs. Johnnie Beard’s mother, from whom all of the remaining parties to this action (for convenience, this group, the plaintiffs, will be referred to as the heirs of Mattie Childress), claim their interests died intestate in 1949. The parties all agreed that, from this time, the plaintiff group, claiming through Mattie, and the Beard group, claiming through Johnnie, were tenants in common. The Beard group contended at trial and contend here that the possession by Roy Beard from 1949 until the present was adverse to the plaintiff *864 group and, thus, the Beard group now owns the entire tract by adverse possession to the exclusion of the heirs of Mattie Childress.
The trial court disagreed, and we affirm.
It is not disputed that, at the death of Johnnie Childress Beard in 1948, she left a surviving husband, Roy Beard, who had a curtesy right to the use of her undivided one-half interest in the forty-acre tract during his lifetime, under then Tit. 16, § 12, Ala. Code 1940, and now codified as § 43-3-12, Ala. Code 1975. Roy Beard died in 1977. Of course, Beard’s possession of the one-half interest in his wife’s real estate was not adverse to her heirs. Beason v. Bowlin, 274 Ala. 450, 149 So.2d 283 (1962). But the Beard group contends that his possession and theirs was adverse to the heirs of Mattie Childress. We cannot agree. After Mattie died, the Beard children had an interest in the tract through their mother Johnnie Beard and also as heirs of Mattie Childress. Therefore, both groups were tenants in common of the whole tract. The possession of the entire tract by the Beard group is presumed in law to be for the benefit of all cotenants. Monte v. Montalbano, 274 Ala. 6, 145 So.2d 197 (1962).
Stated differently, Roy Beard’s possession of the land owned by his wife was not adverse to her heirs, the Beard group. Taylor v. Russell, 369 So.2d 537 (Ala.1979). Possession by Roy and the Beard group of the undivided one-half interest owned by Mattie, they being cotenants of the heirs of Mattie Childress after her death in 1949, cannot without strong evidence of ouster of the interests of their cotenants be considered hostile to those interests. As we recently held in Tyson v. Jackson, 364 So.2d 1140 (Ala. 1978), following long-settled law:
“The rule has long been established in this jurisdiction that the possession of one tenant in common is presumed to be the possession of all; and such possession does not become adverse to the cotenant until he is actually ousted or short of ouster, the adverse character of the possession of one is actually known to the other, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Foshee v. Foshee, 278 Ala. 205, 177 So.2d 99 (1965); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962); Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75 (1952); Hames v. Irwin, 253 Ala. 458, 45 So.2d 281 (1949); Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259 (1937).
“Before the possession of a cotenant may be regarded as adverse to his coten-ant, he must repudiate the cotenant’s interest in the property by act or declaration. Livingston v. Livingston, 210 Ala. 420, 98 So. 281 (1923). This means that there must be some express denial of title and right to possession of the fellow co-tenant brought home to him openly and unequivocally. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910 (1935); 86 C.J.S. Tenancy in Common § 27. In Ratliff v. Ratliff, supra (234 Ala. at 322, 323, 178 So. at 261), this court stated the rule as follows:
*“. . . The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must be positive information of the facts, however informally communicated or acquired....’”
364 So.2d at 1141-1142.
In the instant case, there was evidence to justify the trial court’s holding that the possession of the interest of Mattie Chil-dress by Roy Beard and the Beard group was not adverse to the interests of the heirs of Mattie.
The decree appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, BEATTY and ADAMS, JJ., concur.