ADAMS, Justice.
Plaintiffs appeal from a judgment entered in the Circuit Court of Greene County, wherein the court held that an undivided one-half interest in the subject property is owned by plaintiffs, and an undivided one-half interest in the property is owned by defendant, Samuel T. Williams. We affirm.
The 160 acres which is the subject of this action was owned by Mahalia Alec. She had two children, Grant Alexander and Kate Alec, who each received an undivided one-half interest in the land from her. Plaintiffs claim title to the property as heirs and devisees of Kate Alec, and defendant’s interest in the property is traced through his mother to Grant Alexander.
According to the Greene County tax assessor’s records, Grant Alexander, Hattie Williams, or Samuel T. Williams has paid one-half of the taxes assessed against the property since 1934, and the same is true for Kate Alec and her heirs and devisees.
In the early 1940’s, Grant Alexander moved off the property, and, at about the same time, the heirs and devisees of Kate Alec moved onto the property to live. Plaintiffs remained on the property, and there was evidence presented that they farmed, and cut timber from, the property.
In 1984, plaintiffs filed suit to quiet title to the property. The court, sitting without a jury, found that plaintiffs and defendant each possessed an undivided one-half interest in the property, and plaintiffs subsequently appealed.
The sole issue for our review is whether the trial court’s findings, based upon evidence presented ore terms, are correct.
Plaintiffs, as co-tenants in actual possession of the property, assert that they are the exclusive owners of the property by virtue of adverse possession of the land. Plaintiffs also claim that their actions effectuated a complete ouster of defendant. We are of the opinion that plaintiffs’ assertions are without merit.
In the case of Edmonds v. Edmonds, 388 So.2d 552 (Ala.1980), this Court was presented with a fact situation strikingly similar to the ease at bar. In holding that there was no evidence in support of the appellants’ adverse possession claim in Ed-monds, this Court stated:
The rule has long been established in this jurisdiction that the possession of one tenant in common is presumed to be the possession of all; and such possession does not become adverse to the co-tenant until he is actually ousted or short of ouster, the adverse character of the possession of one is actually known to the other, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Foshee v. Foshee, 278 Ala. 205, 177 So. 2d 99 (1965); Barry v. Thomas, 273 Ala. 527, 142 So. 2d 918 (1962); Markstein v. Schilleci, 258 Ala. 68, 61 So. 2d 75 (1952); Hames v. Irwin, 253 Ala. 458, 45 So. 2d 281 (1949); Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259 (1937).
“Before the possession of a cotenant may be regarded as adverse to his coten-ant, he must repudiate the cotenant’s interest in the property by act or declaration. Livingston v. Livingston, 210 Ala. 420, 98 So. 281 (1923). This means that there must be some express denial of title and right to possession of the fellow cotenant brought home to him openly and unequivocally. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910 *1209 (1935); 86 C.J.S. Tenancy in Common § 27. In Ratliff v. Ratliff, supra (234 Ala. at 322, 323, 178 So. at 261), this court stated the rule as follows:
“ ‘... The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must be positive information of the facts, however informally communicated or acquired_Tyson v. Jackson, 364 So.2d 1140 (Ala. 1978).
388 So.2d at 553.
In its order, the court below found that plaintiffs had not done the necessary acts to oust defendant Samuel Williams, and had not acquired title by adverse possession. When the evidence is presented ore tenus, this Court will not disturb the trial court’s findings of fact if they are supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous. Eagerton v. Courtaulds North America, Inc., 421 So.2d 104 (Ala.1982). Absent such a showing of plain and palpable error by the trial court in this case, we are of the opinion that the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.