Bobbie Bradford sued for a sale of land and a division of the proceeds, naming J.L. Bradford, Earl Bradford, Mary Bradford Howell, and William Jerry Bradford, as defendants. All of the parties were children of Anthony and May Bradford, who are both deceased, and the suit involved property that was part of Anthony and May's estate. In that litigation, a controversy arose as to the location of the southern boundary line between the estate's property and the property owned by Mary Bradford Howell and her husband Hugh Howell. Another controversy arose as to the location of the eastern line of the Howells' property, which would also be the western line of William Jerry Bradford's property. The trial court entered a final judgment establishing the boundary lines but postponed the sale until the boundary line dispute could be resolved. The Howells appeal, arguing that the trial court erroneously established the boundary lines.
The trial judge personally viewed the disputed property and heard ore tenus evidence. Where testimony is presented oretenus, the trial court's findings are presumed correct and will not be disturbed unless palpably erroneous, without supporting evidence, or manifestly unjust. Wallace v. Putman,495 So.2d 1072, 1075 (Ala. 1986). This presumption is especially strong in boundary line disputes and adverse possession cases,Scarbrough v. Smith, 445 So.2d 553, 556 (Ala. 1984), and is further enhanced if the trial court personally views the property in dispute. Wallace, at 1075.
The Howells contend that the trial court erred in establishing the boundary line between their property and that of William Jerry Bradford. The tract of land that Anthony and May Bradford originally owned was in the general shape of a horizontal rectangle; that tract as it exists today is depicted in Appendix A. On the western half of that rectangle lies the undisputed portion of the estate property, and it extends the full length of the tract north to south. Towards the middle of that rectangle, in an east-to-west direction, lies the Howells' property that Anthony and May deeded them, and it, according to the Howells, extends from the southern boundary of the property north for three-quarters of *Page 645 
the tract. The trial court found the southern boundary of the Howells' property to be the field road described below. Bradford's property is east of the Howells' and runs from Self Road in the south to a similar northern boundary as the Howells'. A field road runs east to west all the way across the Howells' property and the estate property; that road is located slightly south of the middle of the tract. James Barry was appointed by the court to survey the property.
The Howells argue that the trial court erred in finding the northeast corner of their property to be a point determined by Barry's survey. The record indicates that using the point claimed by the Howells to be the northeast corner of their property would not be consistent with the Howells' deed. The deed states that Howells' northeast corner is located 630 feet from a certain corner of a 40-acre parcel. The Howells claim that the corner of the 40 acres is located at the corner of a subdivision. Barry testified that the corner is actually located 63.94 feet from the subdivision corner. Using Barry's measurements results in both the Howells and Bradford having the amount of property that their deeds state that they have. Furthermore, if the Howell's measurement is used, and a southerly line is extended from that corner, the line would project onto the property owned by another neighbor. We conclude that the trial court did not err by using Barry's survey in establishing the northeast corner of the Howells' property.
The Howells contend that, regardless of Barry's survey and the deeds, the trial court improperly determined the boundary line between their property and Bradford's, because, they argue, they had acquired the disputed land through adverse possession. The basis for their claim by adverse possession is testimony concerning the location of a garden. Although the Howells produced evidence that they had planted a garden in the vicinity of the land that they claim to own through adverse possession, Bradford presented evidence that their use of the land was by and with his permission. Entry upon and possession of land with the permission of the owner will not create title by adverse possession. Wallace, at 1076. The trial court could have properly determined that any use of Bradford's land by the Howells was permissive and, accordingly, did not support their claim for title by adverse possession. We conclude that the trial court did not err when it established the boundary line between the Howells' property and Bradford's property.
The Howells contend that the trial court erred when it established the southern boundary line between their property and the estate's property. The Howells' deed states that their property extends south to a field road and then to the west along the field road until the property runs into a creek. The trial court established the boundary line along the field road described earlier.
The Howells contend that this was error, because there had been another, older field road and that that road and not the present field road is the one referred to in the deed. Bradford presented much strong, unequivocal evidence to the contrary. Neighbors who had lived in the community for as long as 55 years stated that the present road is the same road that always has been there. For example, Omer Benton Knowlton was 74 years old and had been familiar with the estate property since 1931; he testified that he had seen the road two or three weeks before trial and that the present road was the same road that he had always known, that it had not changed locations. The trial court itself viewed the property to look for another, older road. Aerial photographs did not indicate any evidence of another, older road. The trial court could properly determine that there was no older road as the Howells claimed and that the present road was the boundary described in the Howells' deed.
The Howells claim that, regardless of the boundary established by the deed, they own the land south of the field road by adverse possession. The trial court found that Anthony and May Bradford had acquired during their lifetime three parcels of land, from which they deeded a portion *Page 646 
to the Howells and the remainder of which comprises the estate property in this action. Although the trial court did not explicitly state that it did so, it could have determined that in relation to the estate property that the Howells claim by adverse possession, the Howells and Bradford are co-tenants. See, Porter v. Porter, 472 So.2d 630 (Ala. 1985).
In Beard v. Bates, 418 So.2d 862, 864 (Ala. 1982), we citedTyson v. Jackson, 364 So.2d 1140, 1141-42 (Ala. 1978), to explain long-settled law concerning adverse possession as between tenants in common:
 "'The rule has long been established in this jurisdiction that the possession of one tenant in common is presumed to be the possession of all; and such possession does not become adverse to the cotenant until he is actually ousted or short of ouster, the adverse character of the possession of one is actually known to the other, or the possession of one is so open and notorious in its hostility and exclusiveness as to put the cotenant on notice of its adverse character. Foshee v. Foshee, 278 Ala. 205, 177 So.2d 99 (1965); Barry v. Thomas, 273 Ala. 527, 142 So.2d 918 (1962); Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75
(1952); Hames v. Irwin, 253 Ala. 458, 45 So.2d 281
(1949); Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259 (1937).
 " 'Before the possession of a cotenant may be regarded as adverse to his cotenant, he must repudiate the cotenant's interest in the property by act or declaration. Livingston v. Livingston, 210 Ala. 420, 98 So. 281 (1923). This means that there must be some express denial of title and right to possession of the fellow cotenant brought home to him openly and unequivocally. Williams v. Sinclair Refining Co., 39 N.M. 388, 47 P.2d 910
(1935); 86 C.J.S. Tenancy in Common § 27. In Ratliff v. Ratliff, supra (234 Ala. at 322, 323, 175 So. at 261), this court stated the rule as follows:
 " ' "The possession of a tenant in common exercising the customary acts of ownership does not alone operate as a disseisin of cotenants; but there must be positive information of the facts, however informally communicated or acquired. . . ." ' "
418 So.2d at 864.
The trial court could permissibly have determined that the Howells failed to prove such an open, unequivocal ouster. Furthermore, there is additional evidence to justify the trial court's decision that the Howells did not adversely possess the land south of the field road. We conclude that the trial court did not err in establishing the boundary line between the Howells' property and the estate property.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 647 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 648